WILFRED F. MILLS, Appellant, *v.* EDMUND T. SMITH, as Executor, etc., Respondent.

Where the loss of a testamentary trust fund is caused by the waste or misconduct of the executor and trustee, no claim for contribution arises against the residuary legatees.

*It seems,* such legatees are liable to refund in case they have been paid from the estate without a decree authorizing the payment, and in consequence there is a deficiency of assets to discharge prior claims or to pay other legatees, but in the absence of collusion or fraud on their part, they take the payment without other risk.

By the will of M. a sum was given to his executors to be held in trust for the benefit of T. during life, the trust fund to be invested in bonds and mortgages, and upon his death to be distributed among his children. In an action by the sole surviving child of T., brought after his death, to compel the residuary legatees to account, and to pay the amount of the trust fund, it appeared that there had been a final accounting by the executors, and at that time the amount of the trust fund was in their hands in bonds and mortgages, which were held by them as the trust fund, and no part thereof was ever paid to the residuary legatees. Neither T. nor plaintiff were cited to appear upon the accounting. By the surrogate's decree thereon, the executors were credited with the amount of the trust fund. *Held,* that in the absence of proof of any fraudulent conversion or combination on the part of the residuary legatees whereby the trust fund was affected or divested, no claim was established against them; that the trust fund having been invested and set apart as prescribed by the will, and the trust being in that condition at the time of the decree, the irregularity in not citing plaintiff and T. did not render

the distribution of the residuary estate invalid; that plaintiff's interest was simply in the trust fund, and he had no concern in the distribution of the residue; that for any breach of duty upon the part of the executors and trustees his remedy was against them, not against the distributees.

(Argued January 20, 1894; decided February 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 29, 1892, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*George H. Hart* for appellant. The plaintiff is an infant legatee, and special *cestui que* trust, and one, therefore, interested in the estate, and as such was a necessary party to all the proceedings in the Surrogate's Court, and entitled to all notices thereof, and the decree of the surrogate settling the accounts of the executors and directing distribution of the assets of the testator's estate was void and of no effect as to the plaintiff because he received no notice of such proceeding, was not cited to appear therein and was not represented by a special guardian duly appointed by the surrogate. (*Leach* v. *Wells*, 48 N. Y. 598; *Fisher* v. *Banta*, 66 id. 472, 480; *Wilson* v. *White*, 109 id. 59; *Hood* v. *Hood*, 85 id. 577; *Carr* v. *Bennett*, 3 Den. 433; *Elsworth* v. *Hinton*, 4 N. Y. Supp. 573; 47 Hun, 625; *In re Quinn's Estate*, 9 N. Y. Supp. 550; *Davis* v. *Crandall*, 101 N. Y. 321; *Kellett* v. *Rathburn*, 4 Paige, 166; Redf. L. & Pr. Surr. [4th ed.] 93, 94; *Thompson* v. *Pickney*, 26 Hun, 525; *In re Brown*, 19 N. Y. S. R. 895.) The decree procured through misrepresentation and fraud practiced upon the court is utterly void, and no right can be founded thereon. All the assets distributed among the defendants under pretense thereof are tainted with fraud. (*Mandeville* v. *Reynolds*, 68 N. Y. 543; *Stillwell* v. *Carpenter*, 2 Abb. [N. C.] 238, 263; Herman on

Estoppel, § 116 ; Story's Eq. Juris. § 207 ; *Franklin Bank* v. *Cooper*, 36 Maine, 180 ; *In re Hawley*, 104 N. Y. 260 ; *Ward* v. *Town of Southfield*, Id. 293 ; *C. B. Co.* v. *Haas*, 111 id. 176 ; *Beard* v. *Travers*, 1 Ves. Sr. 313 ; *Fulmouth* v. *Strude,* 11 Mod. 137 ; *Williams* v. *Blunt*, 2 Mass. 213 ; *Hall* v. *Blake*, 13 id. 153 ; Code Civ. Pro. § 499.)  The decree of the surrogate is an utter nullity for any purpose even as between the parties appearing in the proceedings, and all the acts performed by virtue thereof in respect to the distribution of the assets before and after it was made are utterly illegal, void, ineffectual and no rights can be founded thereon, and its validity may be collaterally impeached. .(*Roderigas* v. *E. R. S. Inst.*, 76 N. Y. 316 ; *McNaughton* v. *Chave*, 5 Abb. [N. C.] 228 ; *Jackson* v. *Robinson*, 4 Wend. 442 ; *Ketchum* v. *City of Buffalo*, 14 N. Y. 367 ; *Kissam* v. *Hamilton*, 20 How. Pr. 369 ; *Rerault* v. *Sackett*, 17 id. 461 ; *Putnam* v. *Crombie*, 34 Barb. 232 ; *Crain* v. *Libbie*, 32 Minn. 491 ; *In re Underhill*, 117 N. Y. 494 ; *Riggs* v. *Craig*, 89 id. 479 ; *Wilcox* v. *Smith*, 26 Barb. 336 ; *Taylor* v. *Walker*, 1 Heisk. 734 ; *In re Quinn's Estate*, 9 N. Y. Supp. 550 ; *Beekman* v. *Bingham*, 5 N. Y. 366 ; *In re Willets*, 112 id. 296 ; *In re Carmon*, 3 Redf. 46 ; *Layton* v. *Davison*, 29 Hun, 622 ; *Johnson* v. *Lawrence*, 95 N. Y. 154 ; *Ward* v. *Ford*, 4 Redf. 45.) All the defendants are liable for the $20,000 bequeathed to the plaintiff, and he is entitled to a judgment against each severally for the payment of the whole of that sum.  (*Wood* v. *Brown*, 34 N. Y. 343 ; *Foster* v. *Wilber*, 1 Paige, 440 ; *Colt* v. *Lasmier*, 9 Cow. 320 ; *Randel* v. *Dyet*, 38 Hun, 347 ; *Sacia* v. *Berthond*, 17 Barb. 15 ; *Campbell* v. *Sheldon*, 13 Pick. 22 ; *Rogers* v. *Zook*, 86 Ind. 243 ; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 116 ; 3 Redf. on Wills [3d ed.], 157, 215 ; *Wilcox* v. *Smith*, 26 Barb. 354 ; *Orr* v. *Kaines*, 2 Ves. 194 ; *In re Gilman*, 41 Hun, 561 ; *Bennett* v. *Ives*, 30 Conn. 329 ; *Bryant* v. *Hilton*, 66 Ga. 477 ; *Gillespie* v. *Alexander*, 3 Russ. 130 ; Story Eq. Pl. [9th ed.] § 106 ; *Grieg* v. *Somerville*, 1 R. & M. 338 ; *McToskey* v. *Reid*, 4 Bradf. 339.) The intentions of the testator did not prevail.  The $20,000

bequeathed in trust for the benefit of Theodore and his children was never satisfied, and even if the defendant intended to satisfy the trust for the benefit of Theodore the fund was not legally appropriated for that or any other purpose. The defendants divided among themselves the assets of the estate upon which was impressed the trust for his benefit, and they are each and every of them liable to him therefor. (*Smith* v. *Bell*, 6 Pet. 74; *Herbert* v. *Durant*, 88 N. Y. 124; *Collinson* v. *Lister*, 20 Beav. 370; *Boerum* v. *Schenck*, 41 N. Y. 188; *Lingke* v. *Wilkinson*, 57 id. 445; *Ackerman* v. *Emott*, 4 Barb. 649; *Bostwick* v. *Atkins*, 3 N. Y. 53; *Smith* v. *Bowen*, 35 id. 84; *Johnston* v. *Lawrence*, 95 id. 162; *Sherman* v. *Jerome*, 120 U. S. 319, 326; *Miller* v. *Congdon*, 14 Gray, 114; *Wilmott* v. *Jenkins*, 1 Beav. 401; *In re Willetts*, 112 N. Y. 289; *Wilcox* v. *Smith*, 26 Barb. 336; *Phœnix* v. *Livingstone*, 101 N. Y. 451; *Leitch* v. *Mills*, 48 id. 600; *Wilbourn* v. *Wilbourn*, 48 Miss. 43; *In re Hood*, 104 N. Y. 103; 18 Hun, 309; *Wetmore* v. *Porter*, 92 N. Y. 82; *Briggs* v. *Davis*, 20 id. 15; *Cromwell* v. *Kirk*, 1 Dem. 602; *Davis* v. *Crandall*, 101 N. Y. 307; Lewin on Trusts, 279; *Jordan* v. *Poillon*, 77 id. 518; *Mason* v. *Roosevelt*, 5 Johns. Ch. 542.) The residuary legatees, in collusion and combination with the executors, so unlawfully dealt with the estate of the testator as to deprive plaintiff of his legacy, which was a trust fund, and they are liable to him in damages therefor in a sum sufficient to satisfy his legacy and to compensate him for the loss thereby sustained by him. (*Harvey* v. *Keller*, 1 Dem. 577; *Fernbacher* v. *Fernbacher*, 4 id. 227; 8 Civ. Pro. Rep. 308; *Shields* v. *Shields*, 60 Barb. 56; *Schofield* v. *Churchill*, 72 N. Y. 566; *Evans* v. *Fisher*, 40 Miss. 685.) The defendants are estopped from denying that the bonds and mortgages, "or trust funds," were set apart for the benefit of Theodore only, and from claiming or asserting that these securities were set apart to satisfy the trust for the benefit of the plaintiff, because, at every stage of the proceedings of final accounting the defendant claimed that the pretended appropriation was for the benefit of Theodore only. (*Woodruff*

v. *Taylor,* 20 Vt. 65; *Markham* v. *Jaudon,* 93 N. Y. 249; *Westervelt* v. *Gregg,* 1 Barb. Ch. 478; *Boerum* v. *Schenck,* 41 N. Y. 193; *Douglas* v. *Cruger,* 80 id. 15; *Littlefield* v. *Barwell,* 5 How. 341; *Terry* v. *Munger,* 120 N. Y. 167; 49 Hun, 364; *M. Bank* v. *Hazard,* 30 N. Y. 226; *Boardman* v. *L. S., etc., R. Co.,* 84 id. 182; *Philip* v. *Gallant,* 62 id. 263; *Niven* v. *Belknap,* 2 Johns. 573; *Willy* v. *Judson,* 82 N. Y. 39.) The plaintiff has the right to recover a judgment against all the defendants, jointly and severally. (*Verplanck* v. *Van Buren,* 76 N. Y. 247; *Mandeville* v. *Reynolds,* 68 id. 528, 545; *Whittlesey* v. *Delany,* 73 id. 578; *Hutchings* v. *Hutchings,* 7 Hill, 107; *Wetmore* v. *Porter,* 92 N. Y. 80.)

*Fred W. Hinrichs* for respondents. If fraud and conspiracy fall out of the case there is no ground for recovery against the residuary legatees. The trustees alone are liable if the fund has been dissipated, of which there is no direct evidence. (*Lupton* v. *Lupton,* 2 Johns. Ch. 614; 1 Roper on Leg. 460.) The only point raised by plaintiff's counsel upon the trial was, not that the securities in question had not been set aside, but that it was the duty of the executors to set aside a sum of cash, and then invest the cash in bond and mortgage. It was further contended that as the respondents had allowed a distribution to themselves and others of all this cash, they had in fact applied to their own use the $20,000 cash which should have been invested in bonds and mortgages under the trust. This is untenable. (Schouler on Ex. & Adm. [2d ed.] § 328; Perry on Trusts [4th ed.], § 448; *Orr* v. *Newton,* 2 Cox's Cas. 274.) The exceptions in connection with the " offers to prove " are untenable. (*Coulson* v. *Whiting,* 14 Abb. [N. C.] 60; *L. Co.* v. *Colby,* 120 N. Y. 640.)

GRAY, J. William Wickham Mills, by his will, gave to his executors the sum of $20,000, in trust " to loan the same on bond and mortgage upon real estate and to apply the net income thereof, at their discretion, to and for the use of his son, Theodore Mills, during his natural life, and, upon his

decease, to divide, etc., etc., among the children of said Theodore, etc." Testator died in January, 1865. The plaintiff, the sole surviving child of testator's son, Theodore, was born in November, 1865. The will was admitted to probate in January, 1865, and letters testamentary were issued to the persons named as executors, to wit: To Eliza A. Mills, testator's widow, and to Washington Mills and William W. Mills, two of testator's sons. Theodore, the plaintiff's father, died in January, 1886. Plaintiff, upon attaining his majority in November, 1886, demanded of William W. Mills, the then sole surviving executor of the testator, the fund given in trust for his father, Theodore Mills; but the executor was unable to respond to plaintiff's demand and, as it appears, was insolvent. Plaintiff then brought this action; making the residuary legatees under the testator's will, or their legal representatives, parties defendants. His complaint is based upon various charges of unlawful conduct and fraudulent acts by the defendants and others of testator's children, since deceased, in matters connected with the administration of the testator's estate. Those relating to the admission of the testator's will to probate and to the appraisement of the testator's property are unnecessary to consider. He charged that the defendants unlawfully contrived to prevent the legacy bequeathed to the plaintiff from being discharged by the surrogate and from being invested upon bond and mortgage, as required by the will; that they unlawfully caused the surrogate to settle the accounts of the testator's executors, with the effect of defrauding the plaintiff out of his legacy; that the executors failed to appropriate and to invest the sum of $20,000, as provided by the said will, and, finally, that they, with intent to defraud the plaintiff, unlawfully combining together, distributed all of the testator's estate among themselves, in disregard of the plaintiff's rights. Resting upon these charges, the plaintiff claims to be entitled to compel the residuary legatees to account as for moneys fraudulently appropriated and distributed to them and to have them satisfy his claim to the trust fund of $20,000 thereout. Upon the trial, proof was given of certain proceedings, which

took place after testator's death, with reference to the probate
of his will, to the appraisement of his estate and to settle-
ments of his executor's accounts.   Beyond that documentary
proof, the only other evidence was in the testimony of the
defendant William W. Mills, the sole surviving executor.
The trial judge found as facts, that, at the time of the accounting
by the executors and of the surrogate's decree thereupon, the
trust fund of $20,000, invested in bonds, secured by mortgages,
as required by the will, was in the hands of the executors and
held in trust by them ; that no part of the same was ever paid
to the residuary legatees ; that there was no evidence assailing
the correctness of the accounts, or to show any conspiracy,
combination, or consent to defraud the plaintiff, or to misapply
the trust fund.   Upon such and other findings the trial judge
dismissed the complaint, and his conclusions have been sus-
tained by the General Term.   We think the learned judge
could have come to no other conclusion upon the proofs.
There is not a particle of evidence to sustain any of the alle-
gations of fraudulent conduct in the residuary legatees, or to
show any diversion of the trust funds into their hands.   This
action is simply an attempt to fasten upon the distributees of
testator's residuary estate the responsibility for the subsequent
default of the executors, as trustees for plaintiff's father.
That cannot be done.   Where the loss of a fund is due to the
waste, or misconduct, of the executor and trustee, he and his
estate alone can be looked to.   No claim for contribution arises
against residuary legatees in such a case.   They are liable to
refund in a case where, having been paid from the estate, it is
discovered that there is a deficiency of assets for distribution
under the will, caused by the diminution of the estate through
the premature payment of legacies.

It may be perfectly true when, in 1871 and 1872, proceed-
ings were had for an accounting by the executors, which
resulted in a decree of adjustment and distribution, that the
plaintiff and his father should have been cited to appear and
that, for the want of such citation, or of an appearance, the pro-
ceedings and decree as to them were irregular and of no bind-

ing force.   But admitting to the fullest extent this plaintiff's
rights to complain of that defect, that fact, however otherwise
available against the executors, does not furnish any support
for the present action.   If there was the omission to cite his
father, or him, or to cause his appearance by guardian, it may
have been a serious irregularity; but it, in no wise, furnishes
any basis for imputing to the residuary legatees any fraudulent
intention.   They were not called upon to verify the regularity
of the procedure and nothing connects them with a purpose
to deceive plaintiff and his father, with respect to the account-
ing.   In the accounts filed upon that accounting, it was shown
that bonds and mortgages, representing in the aggregate the
amount of $20,000, and particularly described, were held as a
trust fund for Theodore Mills, plaintiff's father.   The accounts
of the executors were verified and were made the subjects of
objections.   Testimony was taken before the surrogate at some
length.   In the decree of the surrogate, as rendered upon that
accounting, the executors are credited with the amount of the
trust fund, as set apart for Theodore Mills.   Neither in that
proceeding for an accounting, nor in anything previously done
between the executors and the parties interested in the estate,
does anything appear which, in the slightest degree, tended
to prove any collusion or conspiracy to injure the plaintiff
or his father.   To the contrary of any theory of a combina-
tion between the executors and the legatees, there is evidence
to show that the former were held strictly to the performance
of their duties.   When we come to consider the evidence
given by the surviving executor, at this trial, upon his exami-
nation by the plaintiff's counsel, we find him testifying that
he received the mortgages and securities that were set aside for
the trust fund by him for Theodore Mills; that he and his
brother took them out of the safe and that his brother, Wash-
ington Mills, the deceased executor, then took charge of them.
He does not explain what became of them; simply saying
that he never did anything with them thereafter and never
had any control over them.   The inference of a devastavit
is, of course, plainly deducible.   All the evidence in the

case goes fairly to prove that the trust fund, created for the plaintiff's father, was invested, held and set apart by the executors and existed in that condition at the time of the rendition of the surrogate's decree. That being the proof, the plaintiff cannot be heard, as against the residuary legatees, who received their portions of the estate, pursuant to this decree, to say that, for the irregularity in the accounting proceedings, the distribution of the estate to them was wholly invalid and null and that they should refund sufficient to make good to him the amount of the lost trust fund. That result does not follow upon any such proof. The question, in which the plaintiff was interested, concerned the trust fund and when that is found to have been set apart and held by the executors out of the estate, it is no concern of his how the distribution was made of the rest of the estate to the residuary legatees. He is remitted to his remedy against the executor or trustee, and for any breach of duty or of trust on his part he is without any claim against the distributees of this estate. It is unquestionably essential to the security of the executor that, upon a judicial settlement of his accounts, all parties, interested in the estate and entitled to be heard, should be cited, and that all the proceedings shall be conducted, in material matters, as required by law. But with respect to payments made by an executor to legatees, regarded as advances, or without a decree authorizing them, they take without other risk than such as may arise by reason of an insufficiency of assets to discharge prior claims, or to pay other legatees with equal rights, when such payments are duly and regularly ordered to be made upon a judicial accounting. In the absence of any proof of a fraudulent connivance or combination on the part of the residuary legatees, whereby the trust fund appointed to be held for his father's life was affected or diverted ; or of any proof to show that that fund was non-existent in the executor's hands and never was set apart and held as a trust, the plaintiff is without sufficient ground for an action against the distributees of the residuary estate to compel them to refund, merely because there was a failure to cause his appearance upon the proceedings for a

settlement, or some irregularity of procedure. His counsel's brief is very full in its reasoning and bristles with propositions relating to the necessity for the observance of the rules established by statute, in order to confer jurisdiction upon the court, or to give force to its decrees. We do not dispute them, in the main; but they do not touch this case. The difficulty in their application is that while they illustrate the effect of irregularities in proceedings before the surrogate and might be applicable as against the executors; or in a case where it is made to appear that the final distribution of the estate has been without regard to, and to the prejudice of prior claims upon the estate, they are not applicable in aid of an action like this; where the object is to compel the distributees to make good the amount of a trust fund; lost, presumably, through the misconduct of the trustee and, so far as the proof discloses, in no wise, through the acts of the residuary legatees.

We deem it unnecessary to continue the discussion. The opinion at General Term is very full in its review of the questions and sufficiently answers many of them we have not referred to. Nor have we overlooked other questions, raised upon exceptions to the rulings of the trial judge. In our opinion there was no error in such respects. The plaintiff utterly failed to establish any of the charges against the defendants of a fraudulent contrivance or combination, resulting in injury to his rights, and his complaint was properly dismissed.

The judgment should be affirmed, with costs.

All concur; ANDREWS, Ch. J., in result.

Judgment affirmed.