PER CURIAM.
This is the usual action of an abutter against, an elevated railroad company to recover damages for injuries to-the rental and fee values. The principal error urged npon this-appeal relates to the admission of testimony. The following question was put to the expert witness produced for the plaintiff? “Assuming that as soon as defendant’s road came into Fulton-street, opposite these premises, at the corner of Fulton and Cumberland streets, their values, rental as well of fee, declined, and assuming that at the same time there was no such decline in the-value of premises in the neighboring side and parallel streets-where there was not an elevated railroad, what, in your opinion, occasioned such decline in these premises? ” Against the defendant’s objection and exception, the witnesses, with one .exception, answered: “ To the elevated railroad.” The excepted witness-answered : “Two reasons,—one, the elevated railroad; the other, a general depreciation.” At times it is extremely difficult, following the many decisions of the court of last resort as to the competency of evidence in this class of cases, to determine whether particular-opinions of witnesses are or are not admissible; but we think the-testimony objected to in this case has been condemned by all the-authorities. In Peyton v. N.Y. E. Railroad Co., 62 Hun 536; 42 St. Rep. 843, the witness was asked: “To what do you ascribe this change in the character of the tenants or dwelling portions of the premises on Third avenue, which you stated took place?” The witness answered: “To the elevated road.” The admission of this-evidence was held error, and the judgment reversed. In McGean v. Man. Railway Co., 117 N.Y. 219; 27 St. Rep. 337, it was held: “The *698 opinions of witnesses as to the causes which occasioned the decrease of rental value, as well as to the amount of damages done thereby, was clearly improper.” In Roberts v. N. Y. E. R. R. Co., 128 N. Y. 455; 40 St. Rep. 454, it was held improper to ask an expert witness to what extent the rental fee values of the premises had been damaged by the elevated railroad. The question put to the witness in this case was substantially the same as that in the case last cited, for the decrease in rent had been already established by other witnesses, and an answer that such decrease was caused by the elevated railroad was the same, in effect, as a statement that the rental value had been damaged by the railroad to the amount testified. We find nothing in the Hunter v. Man. R. Co. Case, 141 N. Y. 261; 57 St. Rep. 400, overruling or limiting the previous decisions, or justifying the admission of this testimony. In that case the opinions of experts were admitted upon the question whether the existence of such a structure as an elevated road would affect the rental and fee values of abutting premises generally, and also whether there was anything in the condition of adjacent streets which wonld induce a different course of values in those streets than the one on which the elevated railroad was con•structed. But the case is not an authority for the proposition that an expert witness may give his opinion as to the specific damages inflicted on a particular piece of property. In the McGrean Case, supra, the judgment was not reversed on account of the admission of the objectionable testimony referred to; the court being satisfied that the defendant was not harmed by the evidence in question, the fact testified to having been established abundantly by other ■competent evidence, and the case having been tried, on both sides, on the theory that such evidence was admissible. We cannot say that here the error has been harmless. The ■ evidence tends to show that for the last few years there has been a decline in the value of real estate generally in the city of Brooklyn, which, of ■course, has been occasioned by other causes than the construction of an elevated railroad. The evidence of the plaintiff’s own experts concedes this, despite the fact that, by their answers to the «questions quoted; they have referred all such decline in this case to the construction and operation of the railroad. Therefore, the vital inquiry in this case was, what part of the decline was to be attributed to the defendant’s road ? and the improperly admitted «evidence went right to this inquiry.
Nor are we entirely satisfied with the result of the decision of the learned referee. Cook, who seems to be the most reliable of the plaintiff’s witnesses, being a real estate agent of large experience and long in the business, testified that the fee value of the lot itself of plaintiff’s property, without the building, had increased since the erection of the road. If this be the fact, we are at a loss to see how there could be any fee damage to the improved prop-erty, in the absence of any proof or claim that the improvement was of a character not fitted for the land since the erection of the a’ailroad. It may be that part of the diminution of the rental value of the flats above the store is due to the annoyances and inconveniences of an elevated railroad. It is also entirely possible *699 that during the transition period, which occurs after the construction of such a road, the rents of abutting property may be injured and dimished. For these an abutter would be entitled to compensation, even though the fee value had not been diminished; but no compensation should be allowed for damages to the fee merely •on accouns of the loss of rents, or unless it was shown that the market value of the fee was depreciated. In the case of Jamieson v. Railway Co., 147 N. Y. 322; 69 St. Rep. 688, a strict rule has been laid down as to the effect of the admission of improper evidence in this class of cases. We cannot say that here the defendant has not been'prejudiced by it, and therefore the judgment .should not stand.
The judgment should be reversed, and a new trial ordered, and the reference vacated; costs to abide event.