(50 Misc. Rep. 235.)

## In re KINSELLA'S ESTATE.

(Surrogate's Court, Niagara County. April, 1906.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—APPLICATION.

A wife, the life tenant of her deceased husband's real estate and legatee of his personal estate, paid all his debts and funeral expenses, and a remainderman, as administrator of the deceased testator, filed an application to compel the executor of the wife to account for the personal estate, that it might be subjected to the expense of proceedings in relation to the transfer tax on the interest of the remainderman in the real estate and the costs of the proceedings for the appointment of the administrator. *Held* that, though her accounts as executrix were never judicially settled, the application would be denied.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 1975–1985.]

In the matter of the estate of Michael Kinsella, deceased. Application of administrator with will annexed, asking that Michael Hogan, as executor, be required to account. Application denied.

S. Wallace Dempsey, for petitioner.

M. J. Noonan, for respondent.

HICKEY, S. Michael Kinsella died in the town of Newfane, in November, 1902, leaving a last will and testament which was admitted to probate in this court in December of the same year. Margaret Kinsella, his wife, was named therein as executrix, and to her was bequeathed all of testator's personal estate and a life use of his real estate. In November, 1904, substantially two years after her appointment, Margaret Kinsella died, leaving a last will and testament which has also been admitted to probate in this court; and letters testamentary thereon have been issued to Michael Hogan, the respondent in this proceeding. Margaret Kinsella, as executrix of her husband's last will and testament, never filed an inventory of his personal estate, nor were her accounts as executrix ever judicially settled. On January 21, 1905, being soon after the death of Margaret Kinsella, petitioner, who is one of the devisees in remainder of the real estate of which Michael Kinsella died seised, was appointed administrator with the will annexed of the Michael Kinsella estate; he having filed a petition alleging the death of Margaret Kinsella, leaving the Michael Kinsella estate unadministered. He now comes into court and asks that the respondent, Michael Hogan, as executor of the Margaret Kinsella estate, be required to account for the personal estate of Michael Kinsella, deceased. There is no allegation in his petition that there were any unpaid creditors of the estate of Michael Kinsella, nor is it argued that there are any such, nor is any claim made that any one is entitled to share in any way in the personal estate of said deceased. But it is claimed by petitioner that this personal estate, which was bequeathed absolutely to Margaret Kinsella, amounting, as is alleged, to the sum of $1,000 or thereabouts, should be turned over to the administrator with the will annexed, to the end that he may reimburse himself for the expense of having himself appointed; also for the expense of taking proceedings to pay the transfer tax on his interest in the real estate to which he has

now succeeded and also on certain legacies which by the will of Michael Kinsella were made payable after the death of his wife, Margaret, the payment of which was made a charge upon said real estate, and upon that alone; also for the expense later on of judicially settling his accounts; and, I assume, to the end, also, that he may have his commissions on said personal estate.

I do not believe that, against the protest of her executor, the law will permit such an appropriation to be made of the personal estate which Michael Kinsella bequeathed to his widow. Her executor, the respondent herein, has filed an answer to the petition, alleging that Margaret Kinsella in her lifetime paid all the debts, funeral and administration expenses of her deceased husband. As has already been pointed out, no claim is made to the contrary. If this be true, and in the absence of any claim to the contrary, I think it should be assumed that Margaret Kinsella had in her lifetime fully administered her husband's personal estate. When she paid her husband's debts and funeral expenses, being sole legatee of his personal estate, her title thereto as executrix merged in her title as legatee and no judicial settlement of her accounts or decree of the court was necessary to effect such merger. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490. Upon the payment of her husband's debts and funeral expenses, she could not be compelled to render an account of her proceedings, because she herself was then the only one interested in the personal estate. This, then, would seem to be the test: If she could not be compelled to account in her lifetime, how can her executor be compelled to account now? The situation has not been changed by her death, so far as the right of any of the heirs or legatees of Michael Kinsella to make claim to his personal estate is concerned. Could this petitioner, being a devisee of the real estate in remainder, on the facts alleged here, have compelled Margaret Kinsella to account in her lifetime? If so, upon what ground? If he could not, then on what principle can her executor be compelled to account now? It appears to me that, upon the facts disclosed by the papers in this proceeding, there was no occasion for the appointment of an administrator with the will annexed. The personal estate had been fully administered, and as to the real estate the will was self-executing. Petitioner could not have compelled Margaret Kinsella to use her own money to pay the transfer tax on his remainder in the real estate, or the expense of determining what such tax might be. Under the transfer tax statutes it is possible, but by no means certain, that Margaret Kinsella could have voluntarily instituted in Surrogate's Court a real estate proceeding to sell petitioner's reversion in the real estate to pay the transfer tax thereon; but it will hardly be seriously urged that the devisee of such remainder could have compelled her to take an expensive proceeding like that when there was no barrier to prevent him from having the tax determined and paying it himself at a comparatively trifling expense. If petitioner felt that, by being appointed administrator with the will annexed, he could thereby relieve his real estate of any possible claims that might be made against it, there was, perhaps, no objection to his taking such precautionary steps;

but when he seeks to make some one else bear the expense of such a proceeding there is neither equity nor justice in his position.

His application, therefore, to compel respondent to account is denied, with $10 costs.

Application denied, with $10 costs.