CLARK v. TRUSLOW.

(Supreme Court, Appellate Division, Second Department. March 20, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 318*)—ADVANCE PAYMENTS TO RESIDU-. ARY LEGATEE—REFUND.

A residuary legatee, who, before the winding up of the estate, receives money on account, must refund the money if it is thereafter determined that it is needed for the payment of debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1319–1326, 1328–1331; Dec. Dig. § 318.*]

2. EXECUTORS AND ADMINISTRATORS (§ 318*)—ADVANCE PAYMENT TO RESIDUARY LEGATEE—REFUND—NEGLIGENCE OF EXECUTOR.

Where executors pay a residuary legatee a sum of money to apply on account, the legatee need not refund the money to pay debts if through the negligence of the executors they are unable to meet such debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1319–1326, 1328–1331; Dec. Dig. § 318.*]

3. EXECUTORS AND ADMINISTRATORS (§ 318*) — NEGLIGENCE — RECOVERY OF MONEY PAID TO RESIDUARY LEGATEE.

Where a testatrix left on deposit considerable money in a bank, though it had once temporarily closed its doors, and her executor left the money there temporarily awaiting the winding up of the estate, relying on a report of the bank which established its solvency, the executors were not negligent in the loss of the money by failure of the bank, so as to defeat their right to a recovery of an advance payment made to a residuary legatee before the settlement of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1319–1326, 1328–1331; Dec. Dig. § 318.*]

4. EXECUTORS AND ADMINISTRATORS (§ 318*)—RECOVERY OF PAYMENT MADE TO RESIDUARY LEGATEE—LIABILITY FOR INTEREST.

A residuary legatee who is compelled to refund an advance made to her is liable for interest thereon, where she expressly agreed in a refunding bond for interest, though such bond was not sued on.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1319–1326, 1328–1331; Dec. Dig. § 318.*]

5. EXECUTORS AND ADMINISTRATORS (§ 318*)—RECOVERY OF PAYMENT MADE TO RESIDUARY LEGATEE—ADMISSIBILITY OF EVIDENCE.

In a suit to compel a residuary legatee to refund an advance made to her, a refunding bond executed by her, but not sued on, is admissible to show the prepayment and acceptance of the advance.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1319–1326, 1328–1331; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Thomas E. Clark, as sole surviving executor of Mary F. Farnham, deceased, against Mary Elizabeth Truslow. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Henry W. Jessup, of New York City, for appellant.

William G. Phlippeau, of New York City, for respondent.

CARR, J. The defendant is the residuary legatee under the last will of Mary Farnham, deceased. The plaintiff is the sole surviving executor of said will. At the request of the defendant, in September, 1909, the executors made her a payment of $5,000, in cash, on account of her residuary legacy. This action was brought to recover the amount of said payment with interest from the date thereof, because the assets of the estate proved subsequently to be insufficient to pay the general legacies, unless there was a recovery back of the amount prepaid on account of the residuary legacy. The defense was that the deficiency in the assets of the estate arose after the prepayment in question, and was due to negligence of the executors which resulted in a waste of said assets, and that therefore the defendant was not obliged to make any payment back.

[1-3] The facts involved in the action are undisputed. The case was tried without a jury, and the court found that the executors were not negligent in their care of the assets of the estate. The whole burden of this appeal rests practically upon the plea that this finding by the trial court was against the evidence. The appellant goes a little further, however, and contends that the undisputed evidence shows negligence on the part of the executors as a matter of law. It appears that Mrs. Farnham carried a considerable amount of money on deposit in the Union Bank of Brooklyn, and that after her death her executors found a large balance to her credit in that bank. Before Mrs. Farnham died, the Union Bank had closed its doors temporarily, and went into the charge of the State Banking Department. It was allowed to reopen on condition that the depositors would accept payment of their accounts in fixed installments, falling due at fixed periods. Mrs. Farnham did not avail herself of the privilege of withdrawing any part of her account at the fixed periods, up to the time of her death. Her executors drew out subsequently about $6,000, and left a large balance remaining to the credit of Mrs. Farnham's estate on the books of the Union Bank, under an entry thereon showing her death and the appointment of executors. Things remained in this condition for some months, and the bank subsequently closed its doors again, and the amount remaining on deposit to the credit of the Farnham estate appears by concession of the respective counsel to be uncollectible. The defendant-appellant claims that, under these circumstances, the Farnham executors were negligent in that they should not have allowed any part of the funds of the estate to remain on deposit in the Union Bank, but should have withdrawn them as soon as possible. The proofs offered by the plaintiff show that Mr. Clark, the

executor, had taken notice of the reports of the Union Bank, which purported to show a large surplus, and that the institution was in an entirely solvent condition. These funds were simply temporarily on deposit, awaiting the winding up of the estate. The payment made by the executors to the defendant-appellant on account was before any judicial settlement was had of their accounts.

I am unable to find in this record proofs which would justify a reversal of the determination of the trial judge on the question of negligence. The defendant, by requesting and receiving a prepayment on account of her residuary legacy before a judicial settlement of the accounts of the executors, took such prepayment at her own risk to the extent that, in the absence of a judicial accounting, she subjected herself to the same liability to refund as if she had received the money with knowledge that the other legacies and the debts of the decedent had not been paid or provided for. Buffalo Trust Co. v. Leonard, 154 N. Y. 141, 47 N. E. 966. Of course, if the inability of the executors to meet the other legacies and debts of the decedent arose from their own fault, she was under no obligation to respond. But the executors were not insurers or guarantors as to the funds they held at the time of the payment to the defendant, and when they left these funds temporarily on deposit in a going bank, apparently amply solvent, they met the measure of care imposed upon them by law, viz., reasonable diligence.

There is another point made by the appellant, namely, that she should not have been charged with interest on the moneys paid to her from the time of payment. There is an allegation in the complaint that demand was made upon her for repayment before this action was brought, but there is no date of demand set forth. Neither in the findings of the trial court is there any specific finding as to the date of the demand, nor is this date of demand to be found in the evidence. Under these circumstances, the appellant contends that it was improper to allow any interest, as she was not in default in failing to make repayment until a demand was made upon her. This point is not free from doubt, but I think the circumstances, which I will state below, justified the allowance of interest.

[4, 5] The defendant introduced in evidence on her own account a letter from Mr. William N. Dykman, dated September 9, 1909, to his clients, the two executors of the Farnham estate, in which he recommended a compliance with the request of Mrs. Truslow for a prepayment on account of her residuary legacy, on condition that she give a refunding bond, and likewise a letter from Mr. Dykman to Mr. Jessup, the attorney for Mrs. Truslow, stating that the executors were willing to pay the $5,000 in question providing that Mrs. Truslow and her husband gave a refunding bond. It appears that Mrs. Truslow and her husband thereupon gave a refunding bond, which provided for the repayment of the amount thereof with interest if such should be required for proper administration. After the delivery of this bond, the prepayment in question was made to Mrs. Truslow. The appellant contends that it was error to receive this bond in evidence over objection, inasmuch as the complaint did not claim liability upon it.

It was received, however, in evidence by the trial court, on the distinct ground that it was a part of the circumstances attending the prepayment by the executors and the acceptance thereof by Mrs. Truslow, and not to establish any independent liability thereon. I think it was properly received on such theory. If so, then the prepayment was received by the residuary legatee on the distinct understanding that, if she should be obliged to pay the whole or a part of the amount of the prepayment, it should be repayable with interest thereon to the extent that it was necessary to meet the requirements of the Farnham estate.

This is a hard case, however it be decided. But the burden of its hardness cannot be placed upon the Farnham executor unless he be in fault. The trial court has found against the defendant on this point on ample evidence.

The judgment should be affirmed, with costs. All concur.