In the Matter of the Estate of JOHANNA HAMMOND, Deceased. JOHN T. NORTON, as Executor, etc., of JOHANNA HAMMOND, Deceased, Appellant; MARGARET B. HAMMOND, Respondent.

Fourth Department, November 16, 1921.

**Executors and administrators — nature of executor's right to property before probate — right of husband who is executor and sole residuary legatee of wife — proceedings for discovery of personal property of wife transferred by husband may be dismissed where it is shown that property is not needed for debts, taxes and costs.**

An executor, before the probate of a will, has the right only to take possession of the property of the estate and preserve it for administration.

A husband, who is executor and sole residuary legatee, gets no title except as executor and that for purposes of conservation only, until the estate is administered or until moneys have been furnished in good faith adequate to pay all charges against the estate and the cost of the administration.

In proceedings for discovery instituted by the co-executor of a will it appeared that the testatrix, after making one bequest, bequeathed the remainder of her property to her husband as residuary legatee and appointed him as a co-executor; that the husband paid the specific bequest and assumed to and did give to the respondent, whom he had married, some personal property belonging to the estate, and that the will was not admitted to probate until after the husband's death, *Held*, that the usual course of administration would require the return to the executor of all the personal property so given to the defendant; however, if the defendant can prove that the same is not required to pay the debts, taxes or administration expenses of the testatrix, then the proceeding may be dismissed.

APPEAL by the petitioner, John T. Norton, as executor, etc., of Johanna Hammond, deceased, from a decree of the Surrogate's Court of the county of Erie, entered in the office of said surrogate on the 14th day of July, 1920, denying peti-

tioner's application for a discovery of certain personal property in the possession of the respondent.

*John T. Norton,* for the appellant.

*Charles P. Franchot* and *Daniel J. Kenefick,* · for the respondent.

LAMBERT, J.:

This proceeding is one for discovery and the facts are not in dispute. Johanna Hammond died November 29, 1915, leaving a last will and testament executed August 15, 1911. Her husband, Richard Hammond, and son-in-law, John T. Norton, were nominated as executors. On August 3, 1918, Richard Hammond made a petition and presented it to the Surrogate's Court for admission of the will to probate. On the same day he qualified as an executor. Objections were filed to the probate of the will. Its probate was not contested.

These proceedings lay in abeyance until 1919, when John T. Norton qualified as an executor and presented the will for probate. It was thereupon probated October 7, 1919. Two days thereafter Norton's co-executor, Richard Hammond, died intestate. The petition for probate of the will prepared and executed by Richard Hammond recited there was an estimated personal estate of about $1,000 and $23,000 realty.

By the testatrix's will she provided for the expenditure of $1,000 for the celebration of masses for the repose of her soul and then gave the residuary estate to her husband, Richard Hammond.

It is conceded in the record that Richard Hammond paid the $1,000 mentioned and the funeral expenses of the testatrix.

During the lifetime of the testatrix she and her husband Richard maintained for years a safety deposit box in the Marine Trust Company of Buffalo. It is conceded in the record that the testatrix owned and possessed some or all of the items of jewelry set out in the petition for discovery, and that the same were kept in the safety deposit box, and that they were of considerable value.

On the trial of these proceedings it was conceded that the testatrix left real estate of the value of $15,000, but no concession was made as to the value of her personal estate. There

is no proof whether she left debts or otherwise. It may be inferred with reasonable assurance that the testatrix left no debts. She was an invalid and confined to her house and bed for the last seven years of her life and was then as always, since their marriage, living with her husband, Richard Hammond.

Upon the trial of these proceedings it is asserted that there is a transfer tax and inheritance tax, State and National, which have not been paid and no provision has been made for the payment of same. The articles of jewelry are sought to be by him reached in these proceedings for the purpose of paying the taxes and the costs and expenses of the administration of the estate by the appellant.

Richard Hammond was married to the respondent in 1917, and she survived him, he having died two days after the probate of the will. It does not appear that letters were issued to him or that he had taken any step to administer the estate beyond paying the funeral expenses and the legacy of $1,000 for the saying of masses. His widow, Margaret B. Hammond, and one Joseph A. Stone were appointed administrators of his estate. Upon the death of the testatrix and long before the admission of her will to probate, her estate came into the possession of her husband, Richard Hammond, and he thereupon proceeded to deal with it so far as here involved as his own property and estate. He gave the articles of jewelry, all or most of which are sought to be discovered in these proceedings, to his wife Margaret, who now claims to own and hold the same as her separate property. The petitioner here has been denied relief by the surrogate of Erie county upon the theory that his co-executor, the residuary legatee, had substantially administered the estate of the testatrix and that as residuary legatee he took title thereto freed from the claims of the appellant.

I think we may concede under the authorities of this State that if all the debts, taxes and claims had been paid and discharged, or a tender was made in good faith to the appellant, of money sufficient to meet the legal charges therefor, these proceedings would not lie. Stated another way, if Richard Hammond, in his lifetime, or Margaret B. Hammond, upon the hearing of these proceedings, had furnished adequate

means to pay all taxes and charges for the administration of this estate, that then the appellant could not sustain these proceedings for the recovery of these articles of jewelry. Such seems the settled law of this State. The rule announced by the court is now incorporated in section 2693 of the Code of Civil Procedure, and since October 1, 1921, in section 223 of the Surrogate's Court Act. (*Matter of Kinsella,* 50 Misc. Rep. 235; *Matter of Smith,* 46 App. Div. 318; *Blood* v. *Kane,* 130 N. Y. 514; *People ex rel. Gould* v. *Barker,* 150 id. 52; *Matter of Marcellus,* 165 id. 70.)

The authorities are all in accord in holding that an executor before probate of a will has the right only to take possession of the property of the estate and preserve it for administration. It follows that Richard, until this estate was administered or until there had been moneys furnished in good faith adequate to pay the charges against the estate and the cost of administration, got no title except as executor and that only for conservation of the estate. This seems to have been so understood by counsel for the respondent, because in her answer she alleges that there were no debts of the testatrix, from which the legal inference might be drawn that the property in question was not essential to the appellant for the purposes of the administration of the estate. The trouble arises from the fact that no proof was given with respect to the personal estate of the testatrix.

As this case is presented by the record, respondent is in possession of quite a large amount of personal property that was concededly the property of the testatrix and that she got possession thereof through her husband who, either as executor or residuary legatee, claimed the right to pass title thereto. This he could not do without making some adequate provision and that too in good faith for the payment of expenses of administration and taxes, etc. There seems to be no question but that the form and means adopted to transfer the title of these items of jewelry from Richard to the respondent was adequate unless it be that the same were required for administrative purposes. The usual course of administration would require the return of all the articles of personal property to the executor. In this case the respondent seeks to vary that rule by the allegation in her answer that the same are not

needed for administrative purposes. She asserts the right, under the circumstances of this case, to take it out of the usual rule, and, therefore, the burden is on her to show by evidence that the same is not required to pay debts, taxes or administration expenses of the estate of the testatrix.

I think this case should be returned to the surrogate to take proof and make a finding on the question whether or not there are means on hand to pay these debts, taxes and costs, with the result that if it should turn out that they were not needed then the proceedings might be dismissed. If otherwise, an order should be made directing the delivery of these articles or so many of them as are in the possession of the respondent to the appellant.

The decree should be reversed and the proceedings remitted to the Surrogate's Court for further proof and findings upon the question of the personal property of the estate of the testatrix, with costs to abide the final award of costs.

All concur.

Decree reversed and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion, with costs to abide the final award of costs.