CHARLES BLOOD, Respondent, *v.* SARAH S. KANE, Appellant.

An executor, as such, takes the unqualified legal title to all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed, and holds as trustee for the benefit of, first, his testator's creditors; second, of the distributees under his will, or, if the whole is not bequeathed, under the Statute of Distributions.

The trust estate of a sole executor, who is also the sole devisee and legatee, is solely for the benefit of the testator's creditors; when they are paid, that estate sinks into and is merged with the beneficial interest and he as devisee and legatee becomes vested with the legal title.

Upon proof, therefore, that all the debts of the testator have been paid, an executor, who is sole legatee, may avail himself of a chose in action belonging to the estate, as a counter-claim in an action against him.

In an action by an undertaker to recover articles furnished and services performed in the burial of defendant's testator, defendant set up as a counter-claim an indebtedness of plaintiff to her testator, which was greater than the amount in suit, and asked for judgment for the excess. Defendant was the sole legatee and devisee under, and executrix of, the will. It was admitted that no notice to creditors to present claims had been published. Defendant testified that her testator owed very few debts when he died, and that she had paid those debts. She then offered to prove the counter-claim. The evidence was rejected, the referee ruling that the testator's claim was not available as a counter-claim or set-off. *Held* (BRADLEY and PARKER, JJ., dissenting), error; that defendant was entitled to show, by common-law evidence, that all the testator's debts had been paid, and, having established that fact, was entitled to have the amount of plaintiff's indebted‑ ness allowed as a counter-claim.

*Blood* v. *Kane* (52 Hun, 225), reversed.

(Argued October 27, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 26, 1889, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter W. Holt* for appellant. The decision of the court that until the defendant had a settlement of her accounts as

executrix in Surrogate's Court, and a decree of the surrogate has been made discharging her, she holds the personal estate, including the accounts, as executrix and not as owner, was error. (*Fox* v. *Burns*, 12 Barb. 677 ; *Vedder* v. *Saxton*, 46 id. 188 ; *Shelden* v. *Bliss*, 4 Seld. 31 ; *Bull* v. *Church*, 5 Hill, 206 ; 2 Den. 430 ; *Sherman* v. *Willett*, 42 N. Y. 146 ; *Lutch* v. *Wells*, 48 id. 585 ; *O. T. & D. Co.* v. *Price*, 67 id. 542 ; *McClanahan* v. *Davis*, 8 How. [U. S.] 170.) Defendant could change the title from herself as executrix to herself individually. (*Matheson* v. *Grant*, 2 How. [U. S.] 263 ; *Livingston* v. *Newkirk*, 3 Johns. Ch. 312 ; *Hudson* v. *Reeve*, 1 Barb. 89 ; *Dubois* v. *Doubleday*, 9 Wend. 217 ; *Kirby* v. *Potter*, 4 Ves. 748 ; *Barlow* v. *Meyers*, 3 Hun, 720 ; 2 R. S. 354, § 17 ; Id. 87, §§ 27, 28 ; Code Civ. Pro. §§ 111, 112 ; *Howard* v. *Heinerschit*, 16 Hun, 177 ; *Brander* v. *Faulkner*, 34 N. Y. 347 ; *Stall* v. *Wilbur*, 77 id. 158.)

*L. F. Stearns* for respondent. The exceptions to the referee's findings of fact and conclusions of law are unavailing. (Code Civ. Pro. §§ 992, 993 ; *Tracy* v. *Frost*, 32 N. Y. S. R. 907 ; *Ferrin* v. *Myrick*, 41 N. Y. 315.) Neither executors nor administrators have authority to create an original liability on the part of the estate, or enter into an executory contract binding upon or enforceable against it. (*Van Cott* v. *Prentice*, 35 Hun, 320 ; *Ramsey* v. *Wandell*, 32 id. 85 ; *Murphy* v. *Hall*, 38 id. 529 ; *Wetmore* v. *Porter*, 92 id. 82 ; *Barry* v. *Lambert*, 98 id. 308.) The case shows no error committed by the referee in rejecting proof of a counter-claim, for the counter-claim set forth in the answer did not tend to diminish or defeat the plaintiff's recovery. (Code Civ. Pro. §§ 501, 505, 1814, 2734 ; *In re Hill*, 17 Abb. [N. C.] 273 ; *Barlow* v. *Myers*, 27 Hun, 286 ; *Thompson* v. *Whitmarsh*, 100 N. Y. 35 ; *Wakeman* v. *Everitt*, 41 Hun, 278 ; *Patterson* v. *Patterson*, 59 N. Y. 574 ; *Wilcox* v. *Smith*, 26 Barb. 316 ; *In re Butler*, 38 N. Y. 400 ; *Sherman* v. *Paige*, 85 id. 128 ; *Mayo* v. *Davidge*, 44 Hun, 342 ; *Moody* v. *Steele*, 11 Civ. Pro. Rep. 205 ; *Rice* v. *O'Connor*, 10 Abb. Pr. 362 ; *Heidenheimer* v.

*Wilson*, 31 Barb. 636; *Wisner* v. *Ocompaugh*, 71 N. Y. 113.)
The account set forth in the counter-claim in the answer was
not specifically bequeathed to the appellant by the will of
James Kane. (*Humphrey* v. *Robinson*, 52 Hun, 203, 204,
205; *Pierrepont* v. *Edwards*, 25 N. Y. 128; *Davis* v. *Cran-
dall*, 101 id. 311.) The Surrogate's Court having acquired
jurisdiction of the estate of James Kane, deceased, and that
estate never having been judicially settled in that court and a
decree made discharging the executrix, the County Court
would not assume jurisdiction to determine the title of the
defendant to the subject-matter of her counter-claim. (Code
Civ. Pro. §§ 1848, 2472; 1 Pom. Eq. Juris. § 349; *Chipman*
v. *Montgomery*, 63 N. Y. 235; *Anderson* v. *Anderson*, 20
N. Y. S. R. 344; *Walton* v. *Walton*, 1 Keyes, 17; *Hard* v.
*Ashley*, 117 N. Y. 606.)

FOLLETT, Ch. J. December 5, 1883, James Kane died,
leaving a will, by which he devised and bequeathed his entire
estate to his widow, the defendant, and appointed her sole
executrix. On the seventeenth of that month the will was
probated and letters testamentary issued to her. The defend-
ant employed the plaintiff, an undertaker, to take charge of
the funeral and burial of her testator, for which she agreed to
pay him $85. In January, 1885, the plaintiff rendered other
service for the defendant, of the value of $10, as found by the
referee. November 24, 1885, this action was begun to recover
those sums. The defendant set up by way of counter-claim
that the plaintiff was indebted in the sum of $178.10 to her
testator for services rendered by him in his life-time. On the
trial the defendant admitted that the Surrogate's Court had
made no order directing the publication of notice to creditors
to present their claims, and that no notice had been published,
but testified: "James Kane owed very few debts when he
died; I paid those debts; there are no debts on his books
owing by him which remain unpaid that I know of." She
offered to prove the claim and asked that it be allowed: (1)
As a counter-claim, and that she be given a judgment for the

excess. (2) As a set-off against and in extinguishment of the plaintiff's claim for $85, the agreed price for the burial of her husband. The evidence was rejected, and the referee ruled that the claim, which accrued to her testator, was not available as a counter-claim, nor as a set-off, to which ruling an exception was taken, and which presents the only question to be reviewed.

An executor, as such, takes the unqualified legal title of all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed. He holds not in his own right, but as a trustee, for the benefit (1) of the creditors of the testator, and (2) of those entitled to distribution under the will, or if not all bequeathed, under the Statute of Distributions.

As to the chattels and choses in action specifically bequeathed, an executor has but a qualified title, the right to apply them in discharge of debts after first exhausting all other property applicable to that purpose. If he assents to their delivery to the legatees they acquire a perfect legal title to the article or demand, and in case the remaining property of the testator is insufficient to pay his debts the receipients of the specific legacies are liable under the statute to pay the amount or value of the legacies received by them.

The title of one who takes the entire estate under a will stands on the same footing, and is just as absolute, and he, with the assent of the executor, can recover in his own name a chose in action, or make it available by way of counter-claim.

The trust estate of a sole executor, who is also the sole devisee and legatee, is solely for the benefit of the testator's creditors, and when they are paid the trust estate sinks into and is merged with the beneficial interest, and the sole devisee and legatee becomes vested with the legal title of all the testator's estate.

Mr. Preston, in discussing this subject in his learned treatise on Conveyancing, says (Vol. 3, 310): "On the continuance of the privilege from merger, an observation which will be properly introduced into this place, presents itself. Though a person is originally entitled to a term, or to an estate of freehold, as an executor or administrator, yet in process of time

he may become the owner of that estate in his own right. This happens in the case of executors, when the executor is also residuary legatee, and he performs all the purposes of the will, and holds the estate as legatee, or when the executor pays money of his own to the value of the term in discharge of the testator's debts, and with an intention to appropriate the term to his own use in lieu of the money. And in the case of administrators, when the administrator is the only person entitled to the beneficial ownership of the intestate's property, or procures a discharge from those who are to share that property with him, and all the debts of the intestate are paid. Under these and the like circumstances the executor or administrator will have the estate in his own right, and when he has the estate in his own right it will be subject to merger.

" Generally speaking, it is difficult to ascertain when the character of executor or administrator ceases, and the ownership, independent of that character, commences. Every case must depend on its own circumstances. This conclusion only is certain, that when the executor or administrator ceases to hold the estate in that character, he will hold the same in his own right, and it will be subject to merger. The burthen of proof lies on the executors or those persons who claim title under him."

This statement of the rule is quoted with approval in Williams on Executors (6th Am. ed. vol. 1, 642), and at page 649 that learned author says :

" As an executor, who is also a legatee, may, by assenting to his own legacy, vest the thing bequeated in himself in the capacity of legatee, so an administrator, who is also entitled to share in the residue as one of the next of kin under the Statute of Distribution, may acquire a legal title, in his own right, to goods of the deceased, either by taking them by an agreement with the parties entitled to share with himself under the statute, or, even without such agreement, by appropriating them to himself as his own share." (3 Red. Wills [3d ed.], 131–133, p. 6; Schouler Ex. and Adm. §§ 242, 246, 248 ; 1 Woerner's Law of Adm. § 453.)

It has been quite recently held by the House of Lords (*Cooper* v. *Cooper*, L. R. [7 Eng. & Ir. App.] 53), that "The rule of the Statute of Distributions, which requires the conversion of an intestate's estate into money, is introduced simply for the benefit of creditors, and the facility of division among the next of kin. But, as regards the substantial title to property, the right of the next of kin (subject only to the claims of creditors) is complete."

It is a universal rule that when the purpose of a trust has been fully accomplished, the title or estate of the trustee is at an end, and if he is also entitled to the beneficial estate, the two estates meeting in the same person are merged, and he becomes vested in his own right with the entire interest in the property.

It follows from these views that the defendant was entitled to show by common-law evidence that all of the debts of the testator had been paid, and that fact being established, the defendant was entitled to have the sum due her testator allowed as a counter-claim.

The judgment should be reversed and a new trial granted, with costs to abide event.

BRADLEY, J. (dissenting). There was no controversy about the plaintiff's claim for furnishing casket and hearse for, and attending the burial of, the body of the defendant's deceased husband, and for services in the burial of the body of her brother.

The questions for consideration arose upon exceptions taken to the exclusion of evidence offered in support of the matters alleged as counter-claim. The defendant's husband left his will by which, after payment of his debts, he devised and bequeathed all his estate, real and personal, to her, and nominated her to be executrix. The will was admitted to probate and letters testamentary issued to the defendant in 1883, and this action was commenced in 1885.

She had not been discharged from her relation as executrix. There had been no settlement in Surrogate's Court of her

accounts as such. No order had been made for notice to creditors, nor had any notice to them been published. But she testified that the testator owed only a few debts; that she had paid them, so far as they had come to her knowledge; and that none appearing on his books remained unpaid. The alleged counter-claim was an indebtedness of the plaintiff, due and payable to her testator at the time of his decease, which she also alleged was owned by her. And the evidence offered to prove that claim against the plaintiff was excluded and exception taken. The question presented is whether this evidence was available to the defendant for the purposes alleged. She, as executrix, represented the person of the testator, and as such representative she became vested with title to all his personal estate as of at the time of his death. (*Schultz* v. *Pulver*, 11 Wendell, 363.) And the plaintiff's cause of action, so far as related to the burial expenses of her deceased husband, having arisen after the death of the testator, was one against the defendant personally, although she would be entitled to reimbursement from the estate. (*Ferrin* v. *Myrick*, 41 N. Y. 315; *Austin* v. *Munro*, 47 id. 366.) The apparent situation, until something should appear to change the relation of the defendant from that of personal representative of the testator in respect to personal estate to that of individual owner, would be that she held it in the capacity in which she took it. She so received it as executrix only. If the claim against the plaintiff had been the subject of specific bequest or legacy to her, then she could, by her mere assent to that effect, be deemed to have personally taken title to it under the will. (*Henderson* v. *Reeve*, 1 Barb. 89; *Doe* v. *Guy*, 3 East. 120.) In such case the legacy is subject to ademption, and it is not chargeable with the payment of debts of the testator unless there is a deficiency of other assets for that purpose. (*Parrott* v. *Worsfold*, 1 Jac. & Walk. 574; *Kirby* v. *Potter*, 4 Ves. 748; *Giddings* v. *Seward*, 16 N. Y. 365; *Newton* v. *Stanley*, 28 id. 61.) But the bequest to her of all the personal estate was not a specific one. It was a general bequest. (2 Williams on Exrs. 1054; *Tifft* v. *Porter*, 8 N. Y. 516; *Briggs* v. *Hos-*

*ford,* 22 Pick. 288.)   And, therefore, the defendant, individu-
ally, could only through the execution of the will take title to
the personal estate.   This had not been accomplished when
the action was commenced.   Her representative relation and
title in her as executrix to such estate do not appear in any
manner to have been terminated.   The question arises whether
she could be permitted to effectually assert in her behalf, per-
sonally, as a counter-claim or set-off, the plaintiff's indebted-
ness, which constituted part of the personal estate taken by
her as executrix.   It would not be permissible to set off or
counter-claim a claim held by her as executrix in an action
against her personally, which is the character of the cause of
action alleged in the complaint, as it arose after the decease of
her testator.   (*Buckland* v. *Gallup,* 105 N. Y. 453.)   The
requisite mutuality is there wanting.   This rule, in its appli-
cation to the question here as it existed before the Code, has
not been changed by it.   (Code, § 501 ; *Patterson* v. *Patter-
son,* 59 N. Y. 574 ; *Jordan* v. *N. S. & L. Bank,* 74 id.
467 ; *Thompson* v. *Whitmarsh,* 100 id. 35.)   But it is urged
that by setting up the indebtedness of the plaintiff, the defend-
ant effectually elected to treat it as belonging to her individu-
ally, and that she could thus appropriate it, inasmuch as the
personal estate was bequeathed to her.   In other words, that
she might at pleasure, by her mere desire to so treat it, throw off
her relation of executrix to the title and assume that of indi-
vidual owner.   It is true she, as executrix, could sell or assign
the property, and thus vest title in another ; and whether, as
executrix, she could have assigned the claim against the plain-
tiff to herself personally, it is unnecessary to inquire, as it is
neither alleged nor made to appear that she did so.   Her
alleged right to it for the purpose of a counter-claim in this
action is evidently based upon the general bequest to her
after payment of the debts.   The right of the defendant
to make her claim available seems to be dependent upon
the proposition that she may, by mere assent or assumption
on her part, be treated as having title individually to the
personal estate bequeathed by the will.   As the trust and

beneficial relation to the property existed in the same person it may be assumed that the defendant by the assent of the executrix sought to appropriate the claim against the plaintiff for the purpose which it is alleged by her in this action. But it is not seen how the representative could in that manner be divested of title and the individual invested with it. The former took the legal title to the personal estate with power of disposition of it, and the latter as beneficiary takes legal title to the estate or the fund produced by it through the execution of the will. In the view taken there seems to have been no evidence of counter-claim offered having the support of legal title to it in the defendant.

If it had appeared that the executrix had paid all the debts of her testator it may be that a different question than now arises would have been presented, as in practical effect the right of the defendant to the property as beneficiary was subject only to the payment of the debts of her testator. But the evidence did not warrant the conclusion that the debts left by him had been paid. There is a way provided by the statute for a personal representative of a decedent to ascertain *prima facie* the debts which the latter owed at the time of his decease. This may be done pursuant to order by notice to creditors to present their claims, and when the requisite time for doing so has elapsed such personal representative may for the purposes of the execution of the trust treat as existing no debts for him to pay other than those which have been presented. Then the right to the residue after payment of such debts presumptively is in the beneficiary of the will. In the present case there was no evidence tending to prove that all the debts of the testator had been paid. The fact that the executrix had paid all the debts of which she had been advised did not warrant the conclusion that none other remained unpaid.

In the cited cases of *Onondaga Trust & D. Co.* v. *Price* (87 N. Y. 542), there was a specific legacy given by the will and taken by the legatee with the assent of the executors. In *Barlow* v. *Myers* (3 Hun, 720; 64 N. Y. 41), the defendant, who was executrix of the will of her deceased husband, was

charged personally with liability upon a cause of action arising in a matter relating to the estate after the death of her testator. She set up as counter-claim a negotiable promissory note, available as such if owned by her. And the view of the court was that if the note was held by her when the action was commenced it was a proper set-off unless she held it as executrix, which could not without evidence to that effect be assumed. On review of a subsequent trial of the same case (24 Hun, 286) the note was held available to the defendant as a counter-claim because it was negotiable. But the court went further and added that such right existed in the defendant because she took title to it as part of the residuary estate bequeathed to her by the will. This last remark does seem to have been essential to the result in the view there taken by the court. The facts which the defendant sought to prove in the present case would not establish in her individually a right or cause of action upon the claim against the plaintiff. They would not have been effectual to constitute a counter-claim or set-off at law, which is the only view that can be taken of it as alleged in this action.

It follows that the exclusion of the evidence was not error; and that the judgment should be affirmed.

All concur with Follett, Ch. J., except Bradley and Parker, JJ., dissenting.

Judgment reversed. _____