(25 Misc. Rep. 576.)

### HAEBLER v. JOHN EICHLER BREWING CO. et al.

(Supreme Court, Special Term, New York County. December, 1898.)

1. WILLS—CONSTRUCTION—LEGACIES.
Property bequeathed to a legatee on his assuming testator's debts goes to the widow under a residuary clause in her favor, where the legatee fails to assume the debts.

2. SAME—SHARES OF STOCK—NEW CERTIFICATES.
A legatee of shares of stock in a corporation is entitled to a new certificate of stock issued in his name, when the certificate issued to testator is surrendered, with the executor's indorsement thereon.

3. SAME—DISTRIBUTION—SECURING CREDITORS.
Bequeathed shares of stock should not be surrendered to the residuary legatee by the executor until after the legatee executes a bond to secure disputed claims of testator's creditors.

Action by Pauline Haebler against the John Eichler Brewing Company and another, to compel the brewing company to issue new cer-

tificates of stock in lieu of certificates issued to plaintiff's deceased husband.    Granted.

Shiland & Honeyman (Joseph H. Choate, of counsel), for plaintiff.

Ashbel P. Fitch (Elihu Root, of counsel), for defendant John Eichler Brewing Co.

George E. Mott, for defendant John C. Heintz.

COHEN, J.    On the 12th day of March, 1893, Louis J. Heintz died, leaving a last will and testament, whereby, after directing the payment of his debts, he made the following bequest:

"Second. I do hereby give and bequeath to my brother, John C. Heintz, any and all of my right, title, interest, shares, or stocks in or in any manner relating to the John Eichler Brewing Company, upon the sole and express condition, however, that my said brother, in consideration of this bequest, assume and pay any and all amounts of indebtedness which I may owe to any person at the time of my decease. If, however, my said brother shall neglect or refuse to assume and pay such indebtedness, then and in that event I do hereby give and bequeath the property referred to in the second subdivision of my will pursuant to the terms, agreements, and considerations of and in the manner prescribed by me in the fourth subdivision of this my will, in the same manner and to the same extent as if this second paragraph of my will had never been written."

The will then provides as follows:

"Fourth. I do hereby give, devise, and bequeath all the rest, residue, and remainder of my estate, real, personal, and mixed, owned by me at the time of my death, of whatsoever kind and wheresoever situated, to.my dear wife, Pauline Heintz, absolutely and forever.

"Fifth. I do hereby nominate, constitute, and appoint my dear brother, John C. Heintz, to be the sole executor of this my last will and testament."

A few days after the funeral of the testator, the executor came to the widow, and stated that he did not want the Eichler shares; that he did not think he ought to have them; and that Mrs. Eichler, an aunt of the testator, would pay the debts.    Subsequently, he took from the widow the certificate of stock representing these shares, which had been in her possession, and thereafter returned it to her. John C. Heintz did not assume or pay the indebtedness of the testator, but he neglected and refused so to do; and thereby, under the provisions of the will above quoted, the shares of stock became the property of the widow, under the residuary clause of the testator's will, subject to the claims of creditors of the estate.    The widow continued in possession of the certificate of stock, and monthly and other payments were made to her until the autumn of 1896.    During that period, the executor, as such, voted upon the shares at the annual meetings of the company.    In November, 1896, after the engagement to marry of the widow to her present husband had been announced, John C. Heintz endeavored to obtain possession of the stock, by an offer of its par value, namely, $10,000, to the widow.    He claims that this sum was a mere gift to her, but the widow contends it was an effort to purchase the stock, and the testimony bears out the conclusion that it was an attempt to purchase.

From these facts it is entirely plain that, as between the plaintiff and the defendant John C. Heintz, the plaintiff is the owner of the

shares in question; and, as between the two claimants, the plaintiff is entitled to a new certificate of stock to be issued by the defendant the Eichler Brewing Company in her name, upon the surrender of the certificate now held by her, when duly indorsed by the defendant executor. John C. Heintz, as executor, who was not originally joined in this action, was directed to be made a party by an order of the court. Under the pleadings and the evidence, it is clear that the executor never advertised for claims or filed an account. It is undisputed that at least one claim against the estate has been presented to and rejected by the executor, the maximum amount of all such alleged claims not exceeding the sum of $25,000. The rule is well established that an executor holds as trustee for the benefit—First, of his testator's creditors; and, second, of the distributees under the will. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994. The settlement of the executor's account is a matter of adjudication before the surrogate, and is not properly before the court in this action. Therefore the plaintiff, upon the delivery of the certificate to her, should execute to the executor a bond in the sum of $25,000, to secure the payment of any claims that may be finally adjudged to be due from the estate of Louis C. Heintz to creditors thereof.

Ordered accordingly.