ROSCOE LUMBER CO., Respondent, v. STEINWAY et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Roscoe Lumber Company against Steinway & Sons, impleaded with others. No opinion. Judgment affirmed on law and facts, with costs.

ROSEN, Respondent, v. SILVERMAN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Frank E. Rosen against Jacob Silverman. C. S. Rosenthal, for appellant. A. I. Spiro, for respondent.

PER CURIAM. Granting the power of the court below to grant the motion of the plaintiff's counsel, after resting his case and over the defendant's objection and exception, to change the cause of action from a sale and delivery of merchandise to one for damages for the breach of a contract for the sale and delivery of personalty, that will not uphold a judgment given for the purchase price. Such measure of damages is manifestly inaccurate, enabling the plaintiff to recover the price and retain the property. The correct measure of damage is the difference between the contract price and the value of the property at the time of the breach. Judgment reversed, and new trial ordered, with costs to abide the event.

ROYSTONE, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Mary Roystone, administratrix, etc., of Frank P. Roystone, deceased, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs, on authority of Weiler v. Railway Co., 53 Hun, 372, 6 N. Y. Supp. 320, affirmed in 127 N. Y. 669, 28 N. E. 255.

RUSH, Respondent, v. KLEIN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Thomas E. Rush against Mary Klein. Menken Bros. (Mortimer M. Menken, of counsel), for appellant. J. Harry Hull (Chas. W. Ridgway, of counsel), for respondent.

HASCALL, J. The appellant, by the answer interposed, is in position to contest each item of the plaintiff's claim, thus bringing this case within Spence v. Simis, 137 N. Y. 616, 33 N. E. 554; and we therefore decide that the order appealed from was properly made. Order affirmed, with costs and disbursements to respondent. Order affirmed, with costs to respondent.

CONLAN and O'DWYER, JJ., concur.

RUSH, Respondent, v. KLEIN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Thomas E. Rush against Mary Klein. Menken Bros. (Mortimer M. Menken, of counsel), for appellant. J. Harry Hull (Chas. W. Ridgway, of counsel), for respondent.

HASCALL, J. Under all the circumstances disclosed by the papers upon which the attachment was founded, and conforming with the dictum of the court in Blood v. Kane, 130 N. Y. 517, 29 N. E. 994, 15 L. R. A. 490, it seems to us that the order must be left undisturbed. Order affirmed, with costs and disbursements to respondent. Order affirmed, with costs to respondent.

CONLAN and O'DWYER, JJ., concur.

RYDER, Respondent, v. DUFFY, Appellant. (City Court of New York, General Term. May, 1901.) Action by George W. Ryder against Patrick Duffy. Benj. G. Paskusz, for appellant. Hays & Greenbaum (Maxwell Davidson, of counsel), for respondent.

HASCALL, J. It appears to us, from a careful reading of all the testimony, that this appeal should succeed. There was no sufficient proof of ownership in Horan at the time of Ryder's alleged acquisition of the property, or prior thereto; no sufficient proof of demand; no adequate or proper proof of value; no evidence of the requisites needful to maintain the alleged detention or conversion, to go to the jury. But what of competent evidence there was on both sides points to and confirms substantiation of the allegations of the defendant. Plaintiff did not successfully sustain the burden of proof, and we think it was error of the learned court below to refuse defendant's motion for nonsuit. Plaintiff's remedy would seem to be against Horan alone. Judgment should be reversed, and the complaint dismissed, with costs of appeal and of action to the appellant. Judgment reversed, and complaint dismissed, with costs to appellant.

CONLAN and O'DWYER, JJ., concur.