In re MACCAFIL.

MACCAFIL v. KIRKHAM.

(Supreme Court, Appellate Division, Second Department.　June 5, 1908.)

WILLS—MARRIED WOMAN—INTESTACY AS TO PERSONALTY.

> Where testatrix, whose husband survived her, devised her real estate to certain persons and appointed an executor, but did not mention her personal property, the will was entitled to probate as a will of personal property, and there was no intestacy as to the personalty, since by force of the will the executor held it in trust for those entitled to it under the statute of distribution.

Appeal from Surrogate's Court, Westchester County.

In the matter of administering the goods, chattels, etc., of Charlotte M. Maccafil, deceased.　From an order of the Surrogate's Court (107 N. Y. Supp. 1115), denying the application of Howard R. Maccafil to vacate or modify letters testamentary issued to Wilbur H. Kirkham, said Maccafil appeals.　Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

William L. Snyder, for appellant.

Forsyth Wickes, for respondent.

JENKS, J.　This is an appeal from an order of the Surrogate's Court denying the application of H. Maccafil to vacate or to modify letters testamentary issued to Kirkham under the will of Charlotte M. Maccafil and denying the application of the said H. Maccafil for letters of administration upon the estate of the said Charlotte M. Maccafil.　Charlotte M. Maccafil died, leaving her surviving the said H. Maccafil, her husband, and no descendants.　Her will is as follows:

"I, Charlotte M. Maccafil, of Kitchawan, in the county of Westchester and state of New York, do make, publish and declare the following as my last will and testament, viz.: I give and devise all my real estate, consisting of Nos. 157 and 159 East Thirty-Second street, and Nos. 156 and 158 East Thirty-Third street, in the city of New York, to my brother-in-law, Wilbur Harrison Kirkham, to be held and enjoyed by him during the term of his natural life.　After the death of my said brother-in-law, or at the sooner termination of his life estate in said premises, I give and devise the same to my nephew, Wilbur Haynes Kirkham, the son of the said Wilbur Harrison Kirkham, to be held and enjoyed by him during the term of his natural life, and after his death I give and devise the same to his lawful issue, and to their heirs absolutely in equal portions per stirpes.　In case my said nephew shall die leaving no issue, nor descendants of issue, him surviving, I give and devise the said premises absolutely and in fee to St. Mary's Free Hospital for Children, at present located at Nos. 405 to 411 West Thirty-Fourth street, in the city of New York.　I appoint my said brother-in-law, Wilbur Harrison Kirkham, executor of this, my last will and testament, and I direct that in case he, at my decease, shall be, or become a nonresident of the state of New York, he shall be allowed to act as such executor without giving bonds.　I hereby revoke all former wills by me at any time made, and I declare this to be my last will and testament."

The contention of the appellant is that the woman died intestate as to all her personal property without descendants, and so the personalty upon her death vested absolutely in the husband, who there-

fore has the sole right to letters of administration thereupon. But I am of opinion that the will was entitled to probate as a will of personal property. Redfield on the Law of Wills (volume 3, star page 56) says:

"It is well settled that a will appointing an executor, and containing no disposition of personalty, is entitled to probate, whether it contain any disposition of real estate or not."

Theobald on the Law of Wills (5th Ed.) p. 71, says:

"A will disposing of realty only was entitled to probate if the testator appointed an executor"—citing cases.

And the same writer also says:

"The will of a married woman disposing only of real estate belonging to her. for her separate use and appointing an executor was, even before the married women's property act of 1882, entitled to probate"—citing cases.

Williams on Executors (Am. Notes, Randolph & Talcott) vol. 1, p. 268, says:

"The bare nomination of an executor. without giving any legacy, or appointing anything to be done by him, is sufficient to make it a will, and as a will it is to be proved."

After citing cases, the author's note reads:

"This seems to be so, even though the will deals only with realty. In the Goods of Jordan, L. R. 1 P. & D. 555. * * * But the will of a married woman, dealing only with realty, but appointing executors, is entitled to probate where a portion of the estate consists of personalty vested in her by virtue of the married women's property act of 1882. In the Goods of Cubbon, 11 P. D. 169. Or of property to which she is entitled as separate estate. Brownrigg v. Pike, 7 P. D. 61."

In the Goods of Miskelly, I. R. 4 Eq. 62, it is said:

"It is settled that a will is entitled to probate if executors are appointed, although the will does not contain any bequest of personal estate"—citing In the Goods of Jordan, L. R. 1 P. & D. 565.

In Brownrigg v. Pike, supra, the President (Sir James Hannen) said of the will:

"In the first place, it is said that it deals only with realty, and is therefore, not entitled to probate. It is not, however, the fact that this will is limited to the disposition of real estate. In the first place, an executor is appointed by it, and this has been held to entitle a will to be admitted to probate, though it disposes of real property only. See Williams on Executors (8th Ed.) p. 231; Beard v. Beard, 3 Atk. 72, 73; O'Dwyer v. Geare, 1 Sw. & Tr. 465."

See, too, In the Goods of Tomlinson, 6 P. D. 209, 210.

In Barber v. Barber, 17 Hun, 72, the testator's will was as follows:

"I nominate and appoint Samuel McClelland Barber, Thomas D. Chollar and Robert H. McClellan executors of this my will, and for the purpose of converting my real estate into money I authorize and empower them to sell the same. Witness my hand and seal this 21st day of August, A. D. 1874."

The contention was "that the paper is not a will of personal property." The court, per Boardman, J., said:

"The instrument in question is a valid will, and is entitled to probate as such. Under it the executors take title to property as in ordinary cases. In 3 Redfield on Wills, 56, § 15, the author says: 'It is well settled that a will

appointing executors, and containing no disposition of personalty is entitled to probate, whether it contain any disposition of real estate or not'—citing In Goods of Jordan, L. R. 1 P. & D. 555; 1 Wms. on Ex'rs [6th Eng. Ed.] 218; O'Dwyer v. Geare, 1 Sw. & Tr. 465. Williams on Ex'rs, vol. 1, introd. to book 3, p. 112, says: 'The bare nomination of an executor, without giving any legacy or appointing anything to be done by him, is sufficient to make it a will, and as a will it is to be proved'—citing Godolphin, pl. 2, c. 5, § 1; Swinburne on Wills, pl. 4, p. 2, § 2. The late work of Flood on Wills, at page 64, cites the above extract from Williams on Executors as authority, and at page 60 says: 'If a man makes a will, in which he declares himself to die intestate, the paper will operate as a bequest of his property to the persons designated by the statute of distributions'—citing Benchley v. Lynn, 2 Robert, 145. To the same effect is Dayton on Sur. (3d Ed.) p. 205, beginning of chapter 3 [3d Ed.]. See, also, 2 Story, Eq. Jur. § 1208. We find no authority or writer expressing views conflicting with those stated, and hence conclude that the instrument under consideration was a valid will."

I think that this is not a case of intestacy as to the personalty; for the testator by will has nominated certain persons as executors, and perforce of the will these executors hold the personalty in trust for those who are entitled to it under the statute of distribution. Wager v. Wager, 89 N. Y. 161; Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490. In Wager v. Wager, supra, the court, per Rapallo, J., say:

"So far as the property is effectually disposed of by the will, the executor holds it in trust for the legatees or beneficiaries, and according to the law of this country, if there is any part of such property or any interest therein not effectually disposed of by the will, he holds it in trust for those who are entitled to it under the statute of distributions. Bowers v. Smith, 10 Paige, 193; 1 Williams on Executors, 294; 2 Story's Eq. Jur. § 1208; Hays v. Jackson, 6 Mass. 153."

In Blood v. Kane, supra, the court, per Follett, C. J., say:

"An executor, as such, takes the unqualified legal title of all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed. He holds, not in his own right, but as a trustee, for the benefit (1) of the creditors of the testator, and (2) of those entitled to distribution under the will, or, if not all bequeathed, under the statute of distributions."

The cases in this state cited by the learned counsel for the appellant lay down the rule that the personalty of a married woman who dies without descendants, but leaving a husband, goes to the husband. But these cases are not controlling in this case, if I am right in my conclusion that the will was admissible to probate as of the personalty, inasmuch as thereby the personalty goes to the executors. Even in Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184, upon which the learned counsel for the appellant chiefly relies, this ground of discrimination incidentally appears in the discussion. And the case is cited upon the principles and rules discussed by the court in reaching its conclusion, and not for that conclusion. In that case the wife left neither descendants nor ancestors. She gave one-half of her residuary estate (all personalty) to her brother W. and her sister. W. died before the testatrix, and the question was as to the disposition of the estate bequeathed to W. It was decided that the husband by virtue of marital rights was entitled thereto, and that letters of administration were not necessary. But in that case the husband was ap-

pointed executor and qualified as such. And the court in the opinion
say:

"In the case considered the husband would have been competent to act as
administrator but for the will of his deceased wife, and having acted as ex-
ecutor he holds the portion of the estate as to which she died intestate, in his
hands as such. Letters of administration, therefore, are not necessary to pro-
tect his interest, and no reason would seem to exist why, as at common law
he was entitled to her estate, he could not hold that portion which lapsed by
reason of her intestacy in regard to the same."

The English cases cited by the learned counsel for the appellant
can be discriminated as exceptions which prove the general rule, which
rule indeed is reiterated in those very judgments. In the Goods of
Jordan, 1 P. & D. 444, the executor renounced and therefore the next
of kin was appointed; but the court said:

"The general principle is laid down in Williams on Executors (6th Ed.) p.
218, pt. 1, book 3: 'The bare nomination of an executor, without giving any
legacy, or appointing anything to be done by him, is sufficient to make it a
will, and as a will it is to be proved.'"

In O'Dwyer v. Geare, 1 Sw. & Tr. 465, the will was that of a mar-
ried woman before the married women's property act of 1882, which
will was made in pursuance of a power. See Theobald on Law of
Wills, p. 72. And In the Goods of Tomlinson, supra, the President
said:

"Where the will is of a man or a feme sole, the appointment of an executor
has been held sufficient to entitle the will to proof; but, where it is the case
of a married woman executing a power by will, different considerations arise.
Though it is in the form of a will as required by the instrument giving the
power, it is in fact a conveyance by means of the appointment exercised, and,
although an executor is appointed, the executor takes nothing in his character
of personal representative. It was upon that ground that Sir Creswell Cres-
well, in an exactly similar case—O'Dwyer v. Geare, 1 Sw. & Tr. 465—refused to
admit to probate the will of a married woman in execution of a power which
related only to real estate, and the same question was before Lord Penzance
in the case of Goods of Jane Barden, Law Rep. 1 P. & D. 325. It was sug-
gested that a subsequent decision of Lord Penzance in the case of Goods of
Elizabeth Jordan, Law Rep. 1 P. & D. 555, was inconsistent with his previous
decision; but that was not the appointment of a married woman, but the case
of a feme sole making her will, in which case, of course, the rule applicable
to wills in general would be put in force, namely, that the appointment of an
executor prima facie entitles a will to be admitted to proof."

Tugman v. Hopkins, 4 Man. & G. 389, is distinguished by the same
circumstance of the existence of a power as is indicated in Brownrigg
v. Pike, supra, where the President said:

"But it was contended that this will does not in fact dispose of the per-
sonalty, and therefore that the executors do not take jure representationis.
For this the case of Tugman v. Hopkins, 4 M. & Gr. 389, was cited; but it will
be found that Tindal, C. J., expressly rests his judgment on the fact that the
will then before the court was made under a power. The passage I refer to
is as follows (page 400): 'But then it is said that although these accumulations
were not disposed of by the wife, yet, executors having been appointed, the
law vested the money in them. But the authority of these executors is only
coextensive with the power given by the will, for the executors here do not
take jure representationis, but under the power which the wife was authorized
to exercise by making a will as to this particular property.' But I have shown
that in this case the will is not made under the power, but by virtue of the

right which a married woman has to make a will in respect of her separate property. By appointing an executor her separate personal estate vests in him, to be got in by him, and applied either according to the provisions of the will or as the law directs."

The order must be affirmed, with costs. All concur.