GEORGE E. BUCK, Respondent, *v.* THOMAS B. KELLY, Appellant.

(County Court, Onondaga County, August, 1919.)

Decedents' estates — when residuary estate vests in legatee.
Negotiable instruments — bills of exchange — assignment — evidence — executors and administrators.

> Not until the payment of debts and other legacies and charges does any part of the residuary estate vest in the residuary legatee.

On the trial of an action on a bill of exchange drawn on defendant, directing him to pay to M. a certain sum, there was proof of the drawing and acceptance of the bill as alleged but not of the assignment of the bill by M. to plaintiff as was also alleged in the complaint. The evidence in that regard tended to show that M. at his death was the owner of the bill; that by his will he gave his residuary estate to his wife, who was also named as executrix. There was no evidence of the value of M.'s estate or of the amount of his debts, nor was there any evidence that the debts and specific legacies had been paid or that the executrix had done anything touching the administration of the estate. *Held,* that she was not the owner of the bill at the time of its alleged assignment to plaintiff and could only dispose of it in her capacity as executrix.

A judgment entered on a directed verdict in favor of plaintiff reversed on the ground that the bill of exchange at the time of its alleged assignment to plaintiff constituted a part of the estate held by said executrix to be administered in accordance with the terms of the will.

APPEAL by the defendant from a judgment of the Municipal Court of the city of Syracuse in favor of the plaintiff, rendered on the 7th day of March, 1919, for the sum of $199.67 damages and costs.

R. J. Shanahan, for appellant.

P. Sidney Hand, for respondent.

COBB, J.   The plaintiff alleged the drawing of a bill of exchange by one David Cleary whereby he directed the payment by defendant to C. H. Merrick of the sum of $315.27. The complaint also alleged the acceptance of such bill by defendant in writing and the assignment thereof by said C. H. Merrick to plaintiff, who brings this action as owner and holder thereof.

There was proof of the drawing and acceptance of the bill as alleged, but not of the assignment by the payee thereof to plaintiff; the evidence in that regard showing that C. H. Merrick was the owner of the bill

at the time of his death in 1915; that he left a will whereby, after the payment of his debts and certain specific bequests, he gave his residuary estate to his wife Lavinia Merrick, who was also named as executrix. It was claimed that the bill in suit constituted a part of such residuary estate, which, having become vested in Lavinia Merrick by operation of law, passed to plaintiff through an assignment thereof authorized to be made by Lavinia Merrick in the assumed name " C. H. Merrick," under which she was carrying on the brick business formerly conducted by her husband, C. H. Merrick.

At the conclusion of the trial the defendant moved for a nonsuit while the plaintiff asked for the direction of a verdict. The latter motion was granted. A reversal of the judgment is asked on the ground that Lavinia Merrick was not the owner of the bill in her own right at the time of the assignment to plaintiff, but that same constituted a part of the estate held by her as executrix of the will of C. H. Merrick, deceased, to be administered in accordance with its terms.

There was no evidence of the value of the estate left by Merrick or the amount of his debts. There was no evidence that the debts and specific legacies had been paid, or that any steps had been taken by the executrix in the administration of the estate. This being the case, I am compelled to hold that Lavinia Merrick was not the owner of the bill at the time of its alleged assignment to plaintiff, and had no authority, except in her capacity as executrix, to dispose of the same.

With the assent of the executor an asset specifically bequeathed becomes the property of the legatee. *Onondaga Trust & Deposit Co.* v. *Price,* 87 N. Y. 542-548.

Upon the payment of the debts of the estate a sole

devisee or legatee becomes the owner of the residue. *Blood* v. *Kane,* 130 N. Y. 514.

On payment of the debts and other legacies and charges the residuary estate vests in the residuary legatee. *Blood* v. *Kane, supra; Matter of Mullon,* 145 N. Y. 98–104.

But there is no authority for holding that before the payment of debts and legacies any part of the estate is so vested. In *Delabarre* v. *McAlpin,* 71 App. Div. 591–593, Justice Ingraham said: " It is a general rule which, I supposed, was of universal application, that the personal estate of a deceased person vests in his personal representatives, and the next of kin have no standing in a court of law or equity to recover possession of the personal estate of a decedent." The subject was discussed by Presiding Justice Van Brunt in *Wetmore* v. *St. Luke's Hospital,* 56 Hun, 313–318, where, in the course of the opinion, he said: " In order that there should be a residuary estate the provisions of the law must be fulfilled and something must be left over. Debts and legacies must be paid and then the residuum goes to the residuary legatee. But until the debts and legacies are paid it is difficult to see how, under the residuary clause, residuary legatees are entitled to receive anything." In *Matter of Mullon,* 145 N. Y. 98–104, Chief Judge Andrews, referring to the case of administrators with the will annexed who were also residuary legatees, said: " Upon payment of all debts, legacies and charges against the estate, the title to the remaining assets would at once vest in the residuary legatees under the will, without any formal transfer from themselves as administrators."

In *Blood* v. *Kane,* 130 N. Y. 514, the defendant, who was executrix and sole legatee under the will of her husband, was permitted to avail herself of a counter-

claim against plaintiff which was a part of the assets of her husband's estate; but the decision was placed squarely on the ground that all other debts and charges had been paid, Chief Judge Follett in the prevailing opinion of the court saying: " The trust estate of a sole executor, who is also the sole devisee and legatee, is solely for the benefit of the testator's creditors, and when they are paid the trust estate sinks into and is merged with the beneficial interest, and the sole devisee and legatee becomes vested with the legal title of all the testator's estate. * * * (P. 519.) It follows from these views that the defendant was entitled to show by common law evidence that all of the debts of the testator had been paid, and that fact being established, the defendant was entitled to have the sum due her testator allowed as a counterclaim." Two judges of the court voted to disallow the counterclaim upon the ground that the evidence did not warrant the conclusion that all debts had been paid (p. 522), but all members of the court were agreed that the payment of the debts was a prerequisite to the vesting of title to the asset in the legatee.

*Blood* v. *Kane* was followed by the Court of Appeals in the case of *Ketcham* v. *Deutsch,* 211 N. Y. 85, where plaintiff, who was sole heir and next of kin of his father, brought an action in his own name to foreclose certain mortgages, two of which were held to be assets of the estate of his father of which he was the administrator. Judgment was reversed upon the ground, among others, that the administrator was not the party plaintiff, Judge Miller, who wrote the opinion of the court, saying (p. 89): " But it does not appear that these bonds and mortgages were assigned to the plaintiff and as administrator he is not a party to this action. Payment to him individually would not protect the appellant from a claim in behalf of the estate

of his intestate. The fact that plaintiff was sole next of kin does not suffice, as it does not appear that the debts of his intestate have all been paid. (See *Blood v. Kane,* 130 N. Y. 514.)'' Code Civ. Pro., §§ 449, 1814; *Huyler* v. *Dolson,* 101 App. Div. 83, 86; *Hart* v. *Goadby,* 138 id. 160, 164; *Matter of Nash,* 159 id. 46, 50.

At the time of the assignment to plaintiff Mrs. Merrick could not have maintained an action against defendant in her individual name and capacity. As an individual and for the benefit of her individual estate she could not assign the chose in action. There is no pretense that in making the assignment in question she was acting in a representative capacity or that the estate received the consideration for the transfer. The claim is that by the terms of the will title to the bill of exchange vested in her as her sole and separate property. As this claim has no legal support, the judgment should be reversed, and since additional evidence may exist which would validate plaintiff's claim of title to the cause of action in suit, a new trial should be granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellant to abide event.