Henry F. Elias died testate, a resident of New York, May 22d 1926. The comptroller of the State of New Jersey assessed and levied against his estate a tax under the Transfer Inheritance Tax act (P.L. 1909 ch. 228 and amendments), amounting to $3,063.35. This tax was assessed and computed under the so-called "ratio clause" of the act (section 16, last paragraph) on the basis of certain shares of stock in New Jersey corporations as being owned by decedent and constituting "taxable property within this state."
Henry W. Unger and Mac Schwartz, the executors of decedent, appeal from this tax on the ground that the said shares of stock were not, nor were any of them, the property of decedent, and that hence no tax was leviable.
The sole question at issue is whether or not the said decedent was the owner of this stock at the time of his death.
The shares of stock in question were, prior to 1924, assets of a partnership firm — Elias Bros. — composed of Robert F. Elias and Henry F. Elias. The sole business of this partnership, for a number of years previously, was the investment of what amounted to the joint holdings, real and personal, of the two brothers.
June 26th, 1924, Robert F. Elias died. Henry F. Elias was the sole executor and sole beneficiary under his will. The partnership at that time had assets of $234,603.15 and a single liability of $93.67. *Page 211 
Two years later, May 22d 1926, Henry F. Elias died. No one has since been appointed substituted administrator of the estate of Robert. No formal accounting was ever made in the estate of Robert. No formal accounting was ever made by Henry, as the surviving partner of the firm. No substituted trustee has been appointed to wind up the firm's affairs.
It is the contention of the executors of Henry that the shares of stock, which still stood in the name of "Elias Bros." at Henry's death, were not the property of Henry, but were still the property of the partnership, and that hence the tax was illegally levied.
Both sides agree that the law of New York, as to partnerships, was the same as the law of this state. Of course, on the death of Robert the partnership was dissolved, and the legal title to the firm property vested in Henry, as trustee, to wind up the partnership affairs, account for and pay over the share of the deceased partner to the representative of the deceased partner. The share paid over to the representative of the deceased partner would be held by such representative in trust to wind up the affairs of his testator and account for, and pay over, the balance to the beneficiary under the will.
Henry F. Elias occupied all these positions. As surviving partner he held the legal title to the partnership property in trust, after payment of debts, for himself individually as to one-half, and in trust for himself as executor of Robert, for the other half. As executor of Robert, he in turn held his interest in the partnership property in trust for himself individually as Robert's sole beneficiary. Obviously, Henry, as to all the assets, held the legal title in trust for himself as the beneficial owner — the sole holder of the equitable title.
There are no creditors concerned. The only debt of the firm was one of $93, with assets of over a quarter of a million. Presumably this was paid; presumably the debts of Robert were paid. There is no evidence to the contrary, and there is ample ground for the presumption — the lapse of three or four years, the presumption that the trustee and the executor would do their duty, the lack of appointment of substituted administrator, c. The comptroller impliedly so found — the *Page 212 
burden of proof is on the appellant to show that this is erroneous, and there is nothing to support that burden.
There was therefore no one concerned but Henry, and no duty on him to account as trustee to himself as beneficial owner, nor to account as executor to himself as beneficial owner. From the evidence Henry did nothing, in the two years prior to his death, with regard to the partnership assets which he would not have done as the individual owner thereof. Obviously he never intended to account to himself. There was no reason why he should. The law does not compel accountings in such circumstances. There were strong reasons why he should not — there would be large expense and nothing to be gained.
The equitable interest therefore merged in the legal (Wills
v. Cooper, 25 N.J. Law 137), and Henry F. Elias at his death was the actual owner of the assets, including the stocks in question. The law in New York is the same (Blood v. Kane,130 N.Y. 514), where the court says:
"It is a universal rule that when the purpose of a trust has been fully accomplished, the title or estate of the trustee is at an end, and if he is also entitled to the beneficial estate, the two estates meeting in the same person are merged, and he becomes vested in his own right with the entire interest in the property."
In that case the situation was that of executor and beneficiary; but the situation of trustee and cestuis que trust
of a dissolved partnership is, of course, precisely the same in principle.
Moreover, even if there were no merger, the tax would still be properly levied. Under our statute (section 26), the transfer is taxable if the transfer be of "any interest therein." And the court of errors and appeals states, in Security Trust Co. v.Edwards, 90 N.J. Law 558 (at p. 564), that under our statute the transfer of not only the entire legal interest in such stock is taxable, but "as well any proprietary interest in such share of stock though it be an interest of a quality different in character from a mere fractional or other legal interest less than the whole." *Page 213 
The transfer by the will of Henry, therefore, of his interest in this stock, was taxable even if such interest be deemed equitable instead of legal.
There is no contention that the appraisement or the computation of the tax is erroneous if the transfer be taxable.
The assessment and levy will be affirmed. *Page 214