In the Matter of the Estate of GEORGE E. RIEGEL, Deceased.

Surrogate's Court, New York County, October 18, 1937.

*Tolbert, Ewen & Patterson [Joseph D. Numan, Jr., Ward V. Tolbert* and *Bertram F. Bougard* of counsel], for the executors.

*Stewart & Shearer,* for the trustees of Princeton University.

*Larkin, Rathbone & Perry,* for the Central Hanover Bank and Trust Company, as trustee.

*Robb, Clark & Bennitt,* for Lily A. Riegel, claimant.

*Herman Hoffman,* special guardian for infants.

*Herbert G. McLear,* objectant.

FOLEY, S. The motion to strike out the objections to the account filed by Herbert G. McLear is granted. He is not a person interested in the estate within the meaning of the statute. He is at most a person claiming to be a creditor of a creditor or beneficiary of the estate, and, as such, is not a competent party in an accounting proceeding. (Surr. Ct. Act, § 262; *Matter of Kern,* 159 Misc. 682; *Matter of Croker,* 144 id. 492; *Bushe* v. *Wright,* 118 App. Div. 320; affd., 195 N. Y. 509; *Hart* v. *Goadby,* 138 App. Div. 160; *Buck* v. *Kelly,* 108 Misc. 408; *Matter of Meehan,* 104 id. 219; *Matter of Redfield,* 71 Hun, 344; *Duncan* v. *Guest,* 5 Redf. 440.) Nothing in the Surrogate's Court Act authorizes the appearance and the filing of objections by a person claiming to be either a legatee, distributee or creditor of a creditor or beneficiary of an estate.

The objectant bases his right to appear and object to the account upon a claim for compensation for professional services rendered to the decedent's wife under a contingent agreement of retainer, whereby she was to pay to him twenty-five per cent of any amount received by her over and above $30,000, as a result of the " prosecution or protection " of her rights against the decedent. An action is now pending in the Supreme Court, New York county, instituted by the objectant as plaintiff, against the decedent's wife, as defendant, to recover under that agreement of retainer. The objectant contends that under his agreement of retainer he acquired an equitable assignment to the extent of twenty-five per cent of any sums recovered by the decedent's wife against her husband or his estate. His status as an assignee has not yet been determined. His mere assertion of a right to recover against her under the retainer makes him neither her creditor nor her assignee. Until his claim is established in the Supreme Court and until an adjudication, if any, has been obtained that he is entitled as assignee to any share of the interest that she may have in the estate either as a creditor or a beneficiary, he has no standing in this court. He may never have any standing in this court. It may be that the defendant will be

successful in her defenses. To permit a person in his position to inject himself into the orderly administration of the estate, especially where no one else has filed objections, upon the supposition that he will be successful in the action in the Supreme Court, would lead to unjustifiable expense and burdensome litigation to the real beneficiaries and to unnecessary harassment of the executors of the estate. (*Matter of Fox*, 166 App. Div. 718; *Matter of Croker*, *supra.*) The law properly confines the right to compel an accounting or to object to an account to persons legally interested. It excludes from appearance in a proceeding alleged creditors of creditors, or of legatees and other classes of beneficiaries.

Submit order on notice granting the motion to dismiss the objections and decree settling the account accordingly.