Maximilian Moss, S.
The decedent’s estate is primarily liable for his funeral expenses (Surrogate’s Ct. Act, § 216). As the decedent’s widow was apparently unable to arrange for the decedent’s burial, the decedent’s brother-in-law, who made such arrangements, is not to be deemed a volunteer. His claim for repayment of funeral expenses is therefore allowable to the extent that they are reasonable in the light of the decedent’s estate. Reimbursement is denied with respect to an excess of $75 for professional funeral services, $143 concrete vault and $10 for excess death transcripts. Reimbursement is also denied with respect to $10 for medical expenses and $30 for flowers which is deemed a memorial offering by decedent’s sister and the latter’s husband; In all other respects, the amount sought is allowed but payment of $200 thereof for decedent’s grave will not be required until compliance by the claimant with the conditions hereinafter set forth with respect to the registration of ownership of said grave. The receipt for that grave is *712 registered in the claimant’s name. The decedent’s distributees were his widow and sister. His estate being less than $10,000, the widow is entitled to all oí it (Decedent Estate Law, § 83, subd. 4) and thus both its beneficial interest and legal title have merged in her (Blood v. Kane, 130 N. Y. 514). The payment directed herein for decedent’s grave, is not one which would entitle the decedent’s sister to be registered as a distributee of the decedent on the cemetery receipt in the manner provided under subdivision 5 of section 84 of the Membership Corporations Law, in view of the widow’s sole inheritable interest in the decedent’s estate. Upon the death of an owner of a burial lot, under subdivision 6 of the aforesaid section, his interest therein passes to his devisees, if any, but if none, “ then to his * * * descendants then surviving, and if there be none, then to the surviving spouse ”, That provision evidences is some measure that the right of interment is not conferred upon decedent’s collateral relatives when he is survived by a widow and no descendants.
The claimant, upon tender to the widow of the cemetery receipt or other evidence of ownership of said burial lot properly registered by the cemetery corporation in the name of the widow, shall be paid in full for said grave. Settle decree on notice.