Joseph A. Cox, S.
The testator’s will was admitted to probate on January 15, 1963 and thereafter a codicil to the will was admitted to probate. Two other purported codicils were denied probate. Letters testamentary issued to a trust company and two individuals. The three executors have been represented by separate attorneys. One of the executors, an attorney, made an ex parte application in November, 1963, pursuant to the provisions of section 231-b of the Surrogate’s Court Act, for an advance payment of his legal fee for services rendered to himself as an executor. The request was for payment of $35,000.
The estimated gross value of this estate is $28,650,000 which includes real property having a value of approximately $90,000 and tangible personal property which is specifically bequeathed under the will and has been appraised at $22,289,168.10. While the assumption is that neither the realty nor the specifically bequeathed personalty will be subject to executors’ commissions, it nevertheless appears that the prospective commissions of the petitioning executor would provide ample protection to the estate in the event the requested fee should be found to be an overpayment. Examining the applicant’s statement of legal services against this background, the r squested fee seemed modest and it was granted.
The trust company has moved by order to show cause to vacate the order allowing the advance payment or, in the alternative, to stay the order until an accounting of the executors. While this coexecutor is not a person affected by the payment of the fee, it does have a fiduciary obligation to protect the interests of beneficiaries under the will and creditors of the *359 estate (Blood v. Kane, 130 N. Y. 514). However, in the circumstances here existing, there is no seeming reason for the aggressive action taken by this cofiduciary.
Section 231-b was enacted upon the recommendation of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates which made a thorough study of the necessity for the legislative action in this area of the law. In that study full consideration was given to the tax advantages accruing both to an attorney and an estate by permitting a nonfinal payment on account of legal services rendered by an attorney-fiduciary. The commission endeavored to accomplish this by an expedient method which would provide not only recognized advantages but also safeguards for the estate. This new legislation was prompted by the opinion of the Bar that section 231-a of the Surrogate’s Court Act has not met all existing requirements by reason of its limited application, its failure to permit full income tax relief and the fact that it involves the expense of acquiring jurisdiction of all interested persons. Section 231-a does provide the advantage of finality while a payment pursuant to section 231-b is not final inasmuch as any interested person may object to such an allowance upon an accounting. However, if any interested party, or a cofiduciary, were to be permitted to attack such an allowance prior to an accounting, as is done here, the very purpose of the new statute would be defeated. Furthermore, such an attack, by motion prior to an accounting, would not bar other interested persons from seeking a review in a subsequent accounting proceeding. The consequence would be that such an attack could involve a hearing and all the proof incidental to a proceeding under section 231-a but, in the absence of any affected person, a determination at such a hearing would lack the finality of a determination made pursuant to section 231-a. There may be a rare instance when such an attack could be justified but this is not such a case.
If the new statute is to be made operationally effective, it seems obvious that interim challenges to the exercise of judicial discretion should be discouraged. In view of the recommendation of the commission and its research report, the conclusion must be that the Legislature was satisfied that the statute itself embodies ample safeguards. An advance payment of a fee is made upon sworn representations of an attorney who is an officer of the court and is subject not only to the demands of professional responsibility but to disciplinary procedures. Furthermore, the allowance is made by a judicial officer experienced in the fixation of attorneys’ fees and, lastly, the affected *360 parties are protected by their right to object upon the accounting when any excessive allowance may be recouped or charged against the commissions otherwise payable to the attorney-fiduciary.
In the hearing which was granted to the movants no proof was submitted which indicated that the allowance here made was improper in the circumstances of this estate. The motion to vacate the allowance or, in the alternative, to stay payment is denied.