Otto O. Jaegeb, S.
Petitioner, the administratrix and sole distributee of her late husband’s estate, has requested leave of this court, pursuant to SOPA 2108, to continue a wholesale-retail beer distribution business conducted by decedent as a sole proprietorship at the time of his death on November 11, 1966. Petitioner alleges that she has been running the business, without court approval, in her fiduciary capacity since the issuance of letters to her on November 23,1966.
While various reasons are set forth in the petition and in the attorney’s supplemental affidavit as to why the petition is being made, the essential reason given is that negotiations are presently pending for the sale of the business and that in order to obtain the best price possible, the business should be sold as a going concern.
All the numerous oustanding creditors of the business and of the estate have been put on notice of this proceeding and no one has come forward to object to the granting of the relief sought.
Because of the fact that the party seeking court approval to run the business as a fiduciary, is also decedent’s sole distributee, the court declines to grant the relief requested.
The general purpose of the statute is “to confer upon the surrogate’s court an explicit grant of discretionary power to authorize the continuance of a business in an estate * * * and to provide a procedure for obtaining judicial approval for the continuation of such business.” (3 Warren’s Heaton, Surrogates’ Courts, § 245, par. 1.)
Under ordinary circumstances, the estate representative should at once proceed to liquidate the business and sell it as *787 a going concern or otherwise, in spite of the enactment of SOPA 2108.
However, as the last-stated source is quick to recognize, a different rule has been applied to the continuance of a business which was specifically bequeathed to an executor or where he was the residuary legatee. The legacy at once becomes the property of the legatee and in that capacity he is entitled to the profits received and if the assets of the business are required to satisfy estate debts they can be used for that purpose, even where the representative is a residuary legatee. As is stated in Warren’s Heaton (vol. 3, § 245, par. 4). “It seems clear that so long as he conducts the business he is doing this in every respect individually and not as the representative of the estate. ’ ’
In Blood v. Kane (130 N. Y. 514) the court laid down the rule that the fiduciary duty would run only to the creditors in cases where the legal representative is the sole beneficiary. On page 517, the court states: “The trust estate of a sole executor, who is also the sole devisee and legatee, is solely for the benefit of testator’s creditors, and when they are paid the trust estate sinks into and is merged with the beneficial interest, and the sole devisee and legatee becomes vested with the legal title of all the testator’s estate.”
The court points out the difficulty encountered in trying to determine when the character of executor or administrator ceases and the ownership, independent of that character, commences.
However, it is not necessary to establish that point here. >3CPA 2108 (subd. 4) provides that if the fiduciary shall be authorized to continue the business, the decree shall provide for the extent of the liability of the assets of the business and the assets of the estate apart from the assets of the business, for debts and other liabilities arising out of its continuance. The statute gives the court the power to make such directions in this regard as it deems advisable in the circumstances.
/Subdivision 5 provides (upon the granting of the authority) that the fiduciary shall be relieved of personal liability and shall be liable only in a fiduciary capacity.
In a case like the present one, the general nonbusiness assets of the estate would, in all fairness, have to remain fully liable for the business debts. Otherwise, the fiduciary, who is the same person as the sole distributee, would be given not only insulation from personal liability for conducting a business which for all intents and purposes is hers individually, but also *788 an additional advantage over the business creditors by having general assets of the estate which are beneficially hers placed beyond their reach. Being the person to benefit from the profits, she must be willing to assume the risk of personal liability therefor. Petition denied.