OPINION OF THE COURT
C. Raymond Radican, J.
This is a proceeding for the continuation of an unincorporated real estate broker’s business pursuant to SCPA 2108 by the executrix who, by reason of two renunciations, is alleged to be the sole beneficiary of this estate. There is also an allegation that there are no other persons interested in this estate upon whom service of process is required which presumably would include creditors.
Under such circumstances, since both the legal and equitable interest have merged in the petitioner, there is no longer any estate CBlood v Kane, 130 NY 514).
Since the primary reason for the enactment of SCPA 2108 granting authority to the Surrogate to authorize the continuation of an unincorporated business was the protection of the estate representative in an otherwise precarious area of law, there would appear to be little if any need for such an application where there has been a merger of all interest in one person. Nevertheless, subdivision 8 of section 441-a of the Real Property Law, provides for the continued use of a real estate broker’s license following his death by his personal representative for a period of not more than 120 days provided authority to do so is given by the Surrogate pursuant to SCPA 2108. The initial period of time may be extended by permission of the Secretary of State upon good cause shown for an additional 120 days.
*890 The court is accordingly satisfied that sufficient basis has been established for the relief requested and accordingly the application is granted.
In addition to the decretal paragraphs of the-proposed decree which directs the filing of a certificate of doing business and a direction that all debts arising out of the continuation of the business are to be chargeable to the entire estate, there should also be a direction that the executrix is required to comply with all of the provisions of subdivision 8 of section 441-a of the Real Property Law.